# EXHIBIT B

**SUMMONS - CIVIL**
JD-CV-1 Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 62-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.

☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.

☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 123 Hoyt Street, Stamford, Connecticut 06905 | ( 203 )965-5308 | October 10, 2017 Month Day Year |

| | | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) | Case type code (See list on page 2) |
|---|---|---|---|
| ☒ Judicial District ☐ Housing Session | ☐ G.A. Number: | Stamford | Major: T    Minor: 20 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Thomas B. Decea, 84 Business Park Drive, Suite 200, Armonk, New York 10504 | 308099 |

| Telephone number (with area code) | Signature of Plaintiff (if self-represented) |
|---|---|
| ( 914 ) 285-1400 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes  ☐ No | Email address for delivery of papers under Section 10-13 (if agreed to) tdecea@dfdlawfirm.com |
|---|---|---|

Number of Plaintiffs: 1   Number of Defendants: 3   ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Robert E. Crabtree, Jr. Address: 918 North Street, Greenwich, Connecticut 06830 | P-01 |
| Additional Plaintiff | Name: Address: | P-02 |
| First Defendant | Name: Hope's Windows, Inc. Address: 84 Hopkins Avenue, Jamestown, New York 14702 | D-01 |
| Additional Defendant | Name: Bright Window Specialists, Inc. Address: 214 West 29th Street, New York, New York 10001 | D-02 |
| Additional Defendant | Name: Richard Kusyk Address: c/o Bright Window Specialists, Inc., 214 West 29th Street, New York, New York 10001 | D-03 |
| Additional Defendant | Name: Address: | D-04 |

## Notice to Each Defendant

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left Thomas B. Decea | Date signed 09/26/2017 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. | | File Date |
| b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. | | |
| c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. | | |
| d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | | |

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|
| | | | |

(Page 1 of 2)

DOCKET NUMBER: CV-17-                    :        SUPERIOR COURT
                                         :
ROBERT E. CRABTREE, JR.,                 :        JUDICIAL DISTRICT
                                         :        OF STAMFORD/NORWALK
            Plaintiff,                   :
v.                                       :        AT STAMFORD
                                         :
HOPE'S WINDOWS, INC., BRIGHT WINDOW      :
SPECIALISTS, INC., and RICHARD KUSYK     :
                                         :
            Defendants.                  :        September 26, 2017

## COMPLAINT OF PLAINTIFF ROBERT E. CRABTREE, JR.

Plaintiff Robert E. Crabtree, Jr. ("Plaintiff"), by and through his attorneys Fishman Decea & Feldman as and for his complaint herein alleges the following:

1.     Plaintiff is a resident of the State of Vermont and is the fee owner of certain real property located at, and known as, 918 North Street, Greenwich, Connecticut (the "Premises"). The Premises are the subject of this action.

2.     Defendant Hope's Windows, Inc. ("Hope's") is upon information and belief a foreign business corporation formed in the State of Delaware which maintains a principal place of business at 84 Hopkins Avenue, Jamestown, New York 14702.

3.     Defendant Bright Window Specialists, Inc. ("Bright"), which maintains an office at 214 West 29th Street, New York, New York 10001, is upon information and belief defendant Hope's regional authorized sales representative for Greenwich, Connecticut, where the Premises are located.

3.     Defendant Richard Kusyk ("Kusyk") is the owner of Bright which installed the windows and doors at the Premises and which are the subject of this action.

4.      Defendant Hope's touts itself as the "world's preeminent manufacturer of custom steel windows, steel doors, security windows, fire-rated windows, and other architectural products."

5.      In an effort to sell its product, defendant Hope's represents to the world the following:

> Hope's meticulous manufacturing process and unrivaled artistry result in windows and doors of impeccable quality. And for good reason. We painstakingly handcraft each window and door in the United States, and back each with a stellar reputation for the finest quality.
>
> Engineering Process:
>
> Hope's project engineering group interactively works with customers and architects in developing window and door design concepts to provide the highest quality product and assure continuous customer satisfaction. We utilize the latest and most technologically advanced releases of AutoCAD in preparing the document drawings. Hope's also enlists the support and input of all internal groups to furnish their expertise in planning the project.
>
> Manufacturing Process:
>
> Each window and door Hope's creates is proudly handcrafted to meet an owner's, architect's, and builder's most exacting and demanding requirements. Since each window and door is custom-made, Hope's windows can be designed to enhance any architectural theme.
>
> Hope's steel windows are created from solid, hot-rolled steel sections. The superior strength of steel, combined with welded fabrication, produces frames and ventilators that will not rack. All frame and vent corners and muntin intersections are fully welded and ground smooth resulting in enhanced weather resistance and joints that are stronger than the steel itself.

4.      It was these representations upon which Plaintiff relied in retaining Hope's to supply the windows for his custom made home. The products manufactured by Hope's may only be purchased through authorized dealers so the purchase of the windows was effectuated through Bright and the windows and doors were installed by Kusyk or under his supervision.

2

5.     The windows to be installed at the Premises come with a life time guaranty from manufacturing defects. Bright, by and through Kusyk, have repeatedly recognized that:

> Hope's has developed ways to make those windows accommodate insulating glass, triple weather stripping and superior finishes that **will last a lifetime.** (Emphasis supplied).

6.     Hope's products were accordingly purchased from Hope's *via* Bright . To this end, on or about December 2, 2005, Plaintiff, by and through his general contractor, entered into a contract with Bright to purchase windows and doors from Hope's for installation at his home.

7.     The original contract price bargained for between Plaintiff, by and through his general contractor, and Bright for the windows and doors was $598,630 (the "Contract"). Subsequent changes to the contract resulted in an increased contract price of $785,885 by September 2006. By the time the doors and windows were installed, the Contract price had increased to almost $1,000,000.

8.     Plaintiff has fulfilled all of his obligations under the Contract.

9.     By 2007, ninety-five percent of the windows and doors had been installed and by 2008 Plaintiff moved into the home. In the ensuing months Plaintiff discovered that windows and doors were defective by reason of the fact that there were missing pieces, the windows and doors rattled, leaked, did not have handles and were otherwise unusable and inoperable for their intended purposes.

10.     When Defendants refused to stand by their product Plaintiff was forced to bring a legal action which was settled and general releases were exchanged; all of the facts upon which this action is based occurred in 2017 and are not precluded by the release.

11.     This past February Plaintiff noticed a hairline fracture in one of the windows purchased and installed under the $1,000,000 Contract. Plaintiff then performed a close

3

inspection of all of the windows and doors and found numerous windows with fractures throughout the Premises.

12. The windows and doors with the fractures were not damaged based upon any act or omission on Plaintiff's part; the only possible cause of the fractures of the lifetime windows is a manufacturing defect.

13. Plaintiff contacted Bright and Kusyk to request that defendants replace the defective windows and doors which by Kusyk's own words "will last a lifetime". It what is tantamount to extortion Kusyk only agreed to come to inspect the defective windows after he was paid a non-refundable $1,500 appearance fee. With no other alternative, Plaintiff paid the fee; when Kusyk inspected the windows he said he could replace them for a minimal of $15,000. Defendants refused to replace the defective windows which they represent "will last a lifetime," under the guaranty.

## AS AND FOR A FIRST CAUSE OF ACTION
(Violation of C.G.S. Title 42a)

14. Plaintiff repeats and reiterates the allegations of paragraphs 1 through 13 herein.

15. This case involves the sale of goods by a merchant in excess of the monetary limitations and therefore is governed by C.G.S.A. § 42a-2-101 *et seq.*

16. Plaintiff accepted and paid for goods from defendants which he then discovered were non-conforming.

17. As a result of defendants' violation of C.G.S.A. § 42a-2-101 *et seq.*, Plaintiff is entitled to a money judgment is the sum of $1,000,000 plus incidental and consequential damages in an amount to be determined upon the trial of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Breach of Contract)

18. Plaintiff repeats and reiterates the allegations of paragraphs 1 through 17 herein.

4

19. The Contract required Bright to install Hope's windows and doors in the Premises. Bright installed Hope's windows and doors in the Premises however the windows and doors (the "Goods") were negligently and defectively manufactured.

201. Plaintiff specifically chose the Goods based on Hope's representation that it is the "world's preeminent manufacturer of custom steel windows, [and] doors,"[1] based upon the other representation made by defendants as set forth above including the guaranty that the Goods would be free of defect and last a lifetime. In so representing itself to consumers including Plaintiff, Hope's had a duty to manufacture its products in accordance with the standards of the industry generally, if not better.

21. Hope's breached its duty by negligently and defectively manufacturing the Goods which are inferior and unusable for their intended purposes.

22. As a result of Hope's breach as aforesaid, Plaintiff has incurred damages in an amount it would cost to cover which shall to be determined upon the trial of this action but presently believed to be in excess of $2,500,000 and Plaintiff demands judgment thereon.

<u>AS AND FOR A THIRD CAUSE OF ACTION</u>
(Breach of Implied Warranty)

23. Plaintiff repeats and reiterates the allegations of paragraphs 1 through 22 herein.

24. Hope's was the manufacturer of all of the Goods delivered to and installed at the Premises.

25. As the manufacturer, Hope's had an implied duty to manufacture goods of a certain quality and caliber, and additionally, goods that worked for their intended purposes, as it represented to Plaintiff.

---

[1] See, www.hopeswindows.com (last visited on September 14, 2017).

26.     The Goods manufactured and installed at the Premises were not of the quality and caliber represented to Plaintiff. In addition, the Goods were substantially defective in that they began systemically to fracture over time starting in 2017.

27.     Hope's breached the aforesaid duty when it manufactured the defective Goods – windows and doors that began to self-destruct – and supplied the Goods to Bright Windows to install at the Premises.

28.     Earlier this year Plaintiff discovered that the quality and caliber of the Goods as manufactured were not as defendant Hope's represented to him. In addition, Plaintiff discovered substantial nonconformities with the Goods – including the systemic fracturing of the windows and doors.

29.     As a result of Hope's breach as aforesaid, Plaintiff has incurred damages in an amount it would cost to cover the Goods in the marketplace which shall to be determined upon the trial of this action but presently believed to be in excess of $2,500,000 and Plaintiff demands judgment thereon.

<u>AS AND FOR A FOURTH CAUSE OF ACTION</u>
(Revocation of Acceptance)

30.     Plaintiff repeats and reiterates the allegations of paragraphs 1 through 29 herein.

31.     Title VII of the C.G.S. applies to the sale of goods.

32.     Plaintiff entered into the Contract with Bright under which Bright was obligated to Plaintiff to install goods purchased from Hope's.

33.     Bright performed its obligation under the Contract by installing the Goods from Hope's in Plaintiff's home. The Goods, as provided to Bright by Hope's, were nonconforming in that the Goods were substantially defective.

34.    Shortly after Plaintiff moved into the Premises, he discovered nonconformities in the Goods in the form of missing pieces, unevenness, and leaks, among other things, thereby rendering the Goods unusable for their intended purposes. Rather than honor its guaranty defendants failed and refused to do so. Plaintiff was forced to commence a legal action which was settled. None of the defects found at the time of the prior action included or involved stress fractures of the windows and doors; such defects were only discovered in 2017.

35.    The new nonconformities substantially impair the value of the Goods and indeed the Premises, since the Goods need to be replaced.

36.    Plaintiff has revoked, and hereby revokes, his acceptance of the Goods insofar as they are cracking from improper manufacturing and not from their use by Plaintiff.

37.    Although Plaintiff repeatedly requested defendants to inspect the defects, they only agreed to do so on the condition that Plaintiff pays a non-refundable $1,500 fee. Plaintiff paid the fee but to date defendants have failed to honor their guaranty of the Goods.

38.    Accordingly, Plaintiff demands a full refund of the price paid pursuant to the Contract and the other damages afforded to him under Title VII of the C.G.S., including incidental and consequential damages and attorneys' fees.

### AS AND FOR A FIFTH CAUSE OF ACTION
(CUPTA Violation)

39.    Plaintiff repeats and reiterates the allegations of paragraphs 1 through 38 herein.

40.    By defendants' action as set forth herein they have violated the Connecticut Unfair Trade Practices.

41.    Accordingly, Plaintiff is entitled to compensatory, punitive and statutory damages in an amount to be determined upon the trial of this action.

WHEREFORE, Plaintiff seeks judgment against defendant as follows:

(i)    On his first cause of action for a judgment in an amount to be determined upon the trial of this action but presently believed to be in excess of $2,500,000;

(ii)    On his second cause of action, for a judgment in the amount it would cost Plaintiff to cover the Goods in the marketplace which shall to be determined upon the trial of this action but presently believed to be in excess of $2,500,000 or to recover the difference between the value of the Goods as accepted and the value the Goods would have had if they had been as warranted;

(iii)    On his third and fourth causes of action for a judgment allowing Plaintiff to recover the entire purchase price paid for the Goods plus incidental and consequential damages and attorneys' fees in accordance with Title VII of the C.G.S.;

(iv)    On his fifth cause of action for a judgment under CUPTA including compensatory, punitive and statutory damages in an amount to be determined upon the trial of this action.

(v)    An order granting to Plaintiff such other and further relief as to this Court may seem just and proper including an award of attorneys' fees.

FISHMAN DECEA & FELDMAN

By:    /s/ Thomas B. Decea
       THOMAS B. DECEA
       Juris Number: 308099
       84 Business Park Drive, Suite 200
       Armonk, New York 10504
       tdecea@dfdlawfirm.com
       (914) 285-1400

Attorneys for Plaintiff, Robert E. Crabtree, Jr.

8

STATE OF CONNECTICUT:

                                    : ss: EAST HARTFORD        SEPTEMBER 27, 2017
COUNTY OF HARTFORD   :


Then and by virtue hereof and by direction of the Plaintiff's Attorney, Pursuant to Connecticut General Statute Section 33-929, I deposited in the Post Office at EAST HARTFORD, postage prepaid and certified, article number 7017 1450 0000 3557 1664, return receipt requested, a verified true and attested copy of the original WRIT, SUMMONS AND COMPLAINT OF PLAINTIFF ROBERT E. CRABTREE, JR., with my doing thereon endorsed, addressed to the within named defendant:

**HOPE'S WINDOWS INC.**
**THE SECRETARY**
**84 HOPKINS AVE**
**JAMESTOWN, NY 14701-2223**

SUPPLEMENTAL RETURN TO FOLLOW

And also, on the 27TH day of SEPTEMBER, 2017, I made due and legal service upon the within named defendant **BRIGHT WINDOW SPECIALISTS, INC.**, by leaving 2 verified true and attested copies of the original WRIT, SUMMONS AND COMPLAINT OF PLAINTIFF ROBERT E. CRABTREE, JR, at the office of DENISE MERRILL, SECRETARY OF THE STATE OF CONNECTICUT, at least twelve days before the session of the Court to which this Writ is returnable. Said Secretary is the duly authorized agent and attorney to accept service for the within named defendant **BRIGHT WINDOW SPECIALISTS, INC.**, pursuant to Connecticut General Statute Section 33-929, (and paid Statutory Fees in the amount of $50.00) in the town of HARTFORD, County of Hartford.

And also, on the 27TH day of SEPTEMBER, I made due and legal service upon the within named non-resident defendant **RICHARD KUSYK**, by leaving a verified true and attested copy of the original WRIT, SUMMONS AND COMPLAINT OF PLAINTIFF ROBERT E. CRABTREE, JR, at the office of DENISE MERRILL, SECRETARY OF THE STATE OF CONNECTICUT, at least twelve days before the session of the Court to which this Writ is returnable. Said Secretary is the duly authorized agent and attorney to accept service for the within named non-resident defendant **RICHARD KUSYK**, pursuant to Connecticut General Statute Section 52-59b, (and paid Statutory Fees in the amount of $50.00) in the said town of HARTFORD, County of Hartford.

And also, on the 27TH day of SEPTEMBER, 2017, I deposited in the Post Office at EAST HARTFORD, postage prepaid and certified, article number 7017 1450 0000 3557 1640, return receipt requested, a verified true and attested copy of the original WRIT, SUMMONS AND COMPLAINT OF PLAINTIFF ROBERT E. CRABTREE, JR, with my doing thereon endorsed, addressed to the within named defendant:

**KEITH D. NIZIANKIEWICZ**
*CONNECTICUT STATE MARSHAL*
P.O. BOX 280054 • EAST HARTFORD, CONNECTICUT 06128-0054 • OFFICE: (860) 610-0295

**RICHARD KUSYK**
**422 W BROADWAY**
**NEW YORK, NY 10012-3765**

SUPPLEMENTAL RETURN TO FOLLOW

And also, on the 27TH day of SEPTEMBER, 2017, I deposited in the Post Office at EAST HARTFORD, postage prepaid and certified, article number 7017 1450 0000 3557 1657, return receipt requested, a verified true and attested copy of the original WRIT, SUMMONS AND COMPLAINT OF PLAINTIFF ROBERT E. CRABTREE, JR, with my doing thereon endorsed, addressed to the within named defendant:

**RICHARD KUSYK**
**C/O BRIGHT WINDOW SPECIALISTS**
**214 W 29TH STREET**
**NEW YORK, NY 1001-5203**

SUPPLEMENTAL RETURN TO FOLLOW

The within is the original WRIT, SUMMONS AND COMPLAINT OF PLAINTIFF ROBERT E. CRABTREE, JR, with my doings thereon endorsed.

| | |
|---|---|
| Sec State | $ 100.00 |
| Copy | 45.00 |
| Endorsements | 6.00 |
| Service | 100.00 |
| Travel | 15.00 |
| Postage | 20.31 |
| Total | $286.31 |

ATTEST

KEITH NIZIANKIEWICZ
CT STATE MARSHAL
HARTFORD COUNTY

**KEITH D. NIZIANKIEWICZ**
*CONNECTICUT STATE MARSHAL*
P.O. BOX 280054 • EAST HARTFORD, CONNECTICUT 06128-0054 • OFFICE: (860) 610-0295

# APPEARANCE

JD-CL-12 Rev. 1-12
P.B. §§ 3-1 thru 3-6, 3-8, 10-13, 25A-2

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

**Instructions** — *See Back/Page 2*

### Notice To Self-Represented Parties

*A self-represented party is a person who represents himself or herself. If you are a self-represented party and you filed an appearance before and you have since changed your address, you must let the court and all attorneys and self-represented parties of record know that you have changed your address by checking the box below:*

☐ *I am filing this appearance to let the court and all attorneys and self-represented parties of record know that I have changed my address. My new address is below.*

| Return date |
|---|
| **Oct-10-2017** |
| Docket number |
| **FST-CV-17-6033432** |

**Name of case** *(Full name of Plaintiff vs. Full name of Defendant)*

## CRABTREE, JR, ROBERT E. v. HOPE'S WINDOWS, INC. Et Al

| | | | | Address of Court *(Number, street, town and zip code)* |
|---|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ | **123 HOYT STREET STAMFORD, CT 06905** |
| Judicial District | Housing Session | Small Claims | Geographic Area number | |

Scheduled Court date *(Criminal/Motor Vehicle Matters)*

## Please Enter the Appearance of

| Name of self-represented party *(See "Notice to Self-Represented Parties" at top)*, or name of official, firm, professional corporation, or individual attorney | Juris number of attorney or firm |
|---|---|
| **CHRISTOPHER JOHN MOLYNEAUX** | **406879** |

| Mailing Address *(Number, street) (Notice to attorneys and law firms - The address to which papers will be mailed from the court is the one registered or affiliated with your juris number. That address cannot be changed in this form.)* | Post office box | Telephone number *(Area code first)* |
|---|---|---|
| **670 WHITE PLAINS RD** | | **914-472-2300** |

| City/town | State | Zip code | Fax number *(Area code first)* | E-mail address |
|---|---|---|---|---|
| **SCARSDALE** | **NY** | **10583** | **914-472-2312** | **cmolyneaux@joneslawllp.com** |

in the case named above for: *("x" one of the following parties; if this is a Family Matters case, also indicate the scope of your appearance)*

☐ The Plaintiff *(includes the person suing another person)*.
☐ All Plaintiffs.
☐ The following Plaintiff(s) only: _____
☐ The Defendant *(includes the person being sued or charged with a crime)*.
☐ The Defendant for the purpose of the bail hearing only *(in criminal and motor vehicle cases only)*.
☐ All Defendants.
☒ The following Defendant(s) only: **Pty# D-01 HOPE'S WINDOWS, INC.** _____
☐ Other *(Specify)*: _____
☐ This is a Family Matters case and my appearance is for: *("x" one or both)*

    ☐ matters in the Family Division of the Superior Court    ☐ Title IV-D Child Support matters

*Note: If other counsel or a self-represented party has already filed an appearance for the party or parties "x'd" above, put an "x" in box 1 or 2 below:*

1. ☐ This appearance is in place of the appearance of the following attorney, firm or self-represented party on file *(P.B. Sec. 3-8)*: _____

    *(Name and Juris Number)*

2. ☐ This appearance is in addition to an appearance already on file.

**I agree to accept papers (service) electronically in this case under Practice Book Section 10-13**    ☒ Yes    ☐ No

| Signed *(Individual attorney or self-represented party)* | Name of person signing at left *(Print or type)* | Date signed |
|---|---|---|
| ▶ **406879** | **see attached** | **Oct 05 2017** |

## Certification

I certify that a copy of this document was mailed or delivered electronically or non-electronically on *(date)* **Oct 05 2017** to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery.

| Name and address of each party and attorney that copy was mailed or delivered to* | For Court Use Only |
|---|---|
| **THOMAS DECEA - 84 BUSINESS PARK DR./SUITE 200/ARMONK, NY 10504** | |

| Signed *(Signature of filer)* | Print or type name of person signing | Date signed | Telephone number | |
|---|---|---|---|---|
| ▶ **406879** | **see attached** | **Oct 05 2017** | **9144722300** | |

*If necessary, attach an additional sheet or sheets with the name of each party and the address which the copy was mailed or delivered to.

Continuation of JDCL12 Appearance Form for FST-CV-17-6033432-S

Submitted By CHRISTOPHER JOHN MOLYNEAUX (406879)

Name of Person Signing (Continued from JDCL12)

CHRISTOPHER JOHN MOLYNEAUX

Date signed: Oct 05 2017

Telephone number: 9144722300

Continuation of JDCL12 Appearance Form for FST-CV-17-6033432-S

Submitted By CHRISTOPHER JOHN MOLYNEAUX (406879)

Certification of Service (Continued from JDCL12)

**Other Service Information:**

670 White Plains Road-PH

***** End of Certification of Service *****