# FISHMAN DECEA & FELDMAN

Attorneys at Law

84 Business Park Drive
Suite 200
Armonk, New York 10504

Thomas B. Decea†
Ronald A. Fishman†
Clara Feldman

†Admitted in NY and CT

Phone: (914) 285-1400
Fax:     (914) 285-1401

New York Office:
360 Lexington Avenue
12th Floor
New York, NY 10017
Phone: (212) 616-1566
Fax:     (646) 454-4191

January 31, 2018

**BY ECF**

District Judge Victor A. Bolden
Brien McMahon Federal Building
United States Courthouse
915 Lafayette Boulevard - Suite 417
Bridgeport, Connecticut 06604

> Re:   Crabtree v. Hope's Windows Inc., et. al.
>        Docket No. 3:17-cv-01709-VAB

Dear Judge Bolden:

This firm represents plaintiff Robert E. Crabtree, Jr. Under the initial scheduling order which the parties agreed to, plaintiff had until January 19, 2018, to file an amended complaint; on January 16, 2018, the first amended complaint was filed (Doc. No. 19). The first amended complaint amplified certain facts but included no new claims.

By notice of motion dated and filed on January 23, 2018 (Doc. No. 20), defendants Bright Window Specialists, Inc., and Richard Kusyk ("Defendants") moved to dismiss the first amended complaint under FRCP 12 (b) (6).  Plaintiff's objection to the motion is due on February 13, 2018.

Pursuant to FRCP 15, on January 26, 2018, plaintiff filed a second amended complaint (Doc. No. 21), which maintained all of the claims previously asserted and included one additional claim of products liability. While the new claim was added, it was based upon the same facts asserted in the first amended complaint.

Defendants assert that plaintiff has no right to file a second amended complaint without leave of this Court; we disagree.  Nonetheless, in an attempt to resolve the dispute I suggested to Defendants' counsel that we stipulate to the withdrawal of the motion to dismiss for the purpose of establishing a new briefing schedule so that Defendants may address in their motion the additional claim of products liability. Defendants' asserted basis for the dismissal of the other

Letter to District Judge Victor A. Bolden
January 31, 2018
Page Two

claims is already included in their motion just filed so it is only a matter of addressing the additional claim. Defendants were not willing to proceed in the manner I suggested.

By proceeding in the manner suggested, it was my intention to avoid having to brief Defendants' objection to the filing of the second amended complaint without leave of Court and the Court having to decide the issue. We would also avoid a motion to amend if it were determined by the Court that leave is required for the filing of a second amended complaint. This case is brand new and no discovery has taken place; in fact, defendant Hope's Windows, Inc., has neither answered nor otherwise responded to either the first or second amended complaint. Plaintiff respectfully submits that there will be no prejudice to any party by the acceptance of the second amended complaint at this early stage of the action so that all disputes may be disposed of.

While the facts from which the products liability claim derive are contained within the first amended complaint and the elements of the claim are stated therein, the claim was not specifically denominated as such in the claims portion of the first amended complaint. It was not until I heard from an expert that the damages were likely caused by the deficiency in the design and manufacturing of the frames that I determined that the products liability claim should be denominated specifically.

Respectfully submitted,

*Thomas B. Decea*

Thomas B. Decea