**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ROBERT E. CRABTREE, JR., | Civil Case No.: 3:17-cv-01709-VAB |
| *Plaintiff*, | |
| -against- | Date: March 15, 2018 |
| HOPE'S WINDOWS, INC., BRIGHT WINDOW SPECIALISTS, INC. and RICHARD KUSYK, | |
| *Defendants.* | |

<u>**REPLY DECLARATION OF MARK CERMELE**</u>

MARK CERMELE, an attorney duly admitted to practice law in the State of Connecticut, declares the following to be true under penalties of perjury:

1.      I am a partner at Cermele & Wood LLP, attorneys for defendants Bright Window Specialists, Inc. and Richard Kusyk (together, the "<u>BWS Defendants</u>"), and as such I am fully familiar with the facts and circumstances set forth herein.

2.      I submit this reply declaration in further support of the BWS Defendants' motion to dismiss the January 16, 2018 amended complaint (the "<u>Amended Complaint</u>") of plaintiff Robert E. Crabtree, Jr. ("<u>Plaintiff</u>").

3.      Pursuant to the Court's October 10, 2017 Order, amended pleadings were due by December 9, 2017.

4.      At Plaintiff's request, this deadline was extended to January 19, 2018.

5.      On January 16, 2018, Plaintiff filed his Amended Complaint. In reliance thereon, on January 23, 2018 the BWS Defendants filed their motion to dismiss. (*See* Declaration of Mark Cermele, Ex. A, CM/ECF Dkt. No. 20.)

6. Without notice, leave or any authority to do so, on January 26, 2018 Plaintiff filed a second amended complaint (the "Second Amended Complaint") – only four days after the BWS Defendants moved to dismiss.

7. Thereafter, on March 1, 2018 and in accordance with the Court's instructions, Plaintiff submitted an affidavit in support of his motion to further amend the complaint. Plaintiff has enclosed yet another proposed second amended complaint. This proposed complaint is different from the Second Amended Complaint that Plaintiff previously filed with the Court on January 26, 2018.

8. In any event, for the reasons set forth in the accompanying memorandum of law, each of Plaintiff's proposed amended pleadings fail as a matter of law, and this action should be dismissed in its entirety.

**WHEREFORE**, For the reasons set forth above, each of Plaintiff's amended pleadings fails as a matter of law and this action should be dismissed in its entirety, and Plaintiff's motion to further amend his complaint should be denied.

Dated: White Plains, New York
March 15, 2018

Mark Cermele

## CERTIFICATE OF SERVICE

I, Mark Cermele, hereby certify that on March 15, 2018, a copy of the foregoing was

filed electronically. Notice of this filing will be sent via e-mail to all parties by operation of the

Court's electronic filing system.

Dated: White Plains, New York
March 15, 2018

**CERMELE & WOOD LLP**

By: _____
Mark Cermele
Federal Bar Number: CT27336
*Attorneys for Defendants*
*Bright Window Specialist Inc.*
*and Richard Kusyk*
2 Westchester Park Drive, Suite 110
White Plains, New York 10604
Tel: (914) 967-2753
Fax: (914) 967-2754
mark@cw.legal

Thomas B. Decea, Esq.
Fishman Decea & Feldman
*Attorneys for Plaintiff*
84 Business Park Drive, Suite 200
Armonk, New York 10504
tdecea@dfdlawfirm.com

Christopher John Molyneaux, Esq.
*Attorneys for Defendant Hope's Windows, Inc.*
60 White Plains Road
Scarsdale, New York 10583
cmolyneaux@joneslawllp.com

|  |  |
|---|---|
| ROBERT E. CRABTREE, JR., | Civil Case No.: 3:17-cv-01709-VAB |
| *Plaintiff,* | |
| -against- | Date: March 15, 2018 |
| HOPE'S WINDOWS, INC., BRIGHT WINDOW SPECIALISTS, INC. and RICHARD KUSYK, | |
| *Defendants.* | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS
AND IN OPPOSITION TO FURTHER AMENDMENT OF THE COMPLAINT**

Mark Cermele
**CERMELE & WOOD LLP**
Federal Bar Number: CT27336
*Attorneys for Defendants*
*Bright Window Specialist Inc.*
*and Richard Kusyk*
2 Westchester Park Drive, Suite 110
White Plains, New York 10604
Tel: (914) 967-2753
Fax: (914) 967-2754
Eml: mark@cw.legal

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES …………………………………………………………...……..iii

PRELIMINARY STATEMENT ……………………………………………………......1-2

STATEMENT OF RELEVANT FACTS …………………………………………………...2

ARGUMENT

    I.     Plaintiff's Claims Have Been Released and Are Time-Barred ……………...2-4

        a.  The Release is a Bar to the Claims in This Action………………………….2-4

        b.  Breach of Warranty Claim…………………………………………………….4

    II.    Any Further Amendment is Futile …………………………………...………...5

    III.   Plaintiff's Products Liability, Conversion and CUPTA Claims Fail………....5-7

        a.  Products Liability Claim………………………………………….…………5-7

        b.  Conversion and CUPTA Claims………………...…………………...………..7

CONCLUSION …………………………………………………………………...…7

# TABLE OF AUTHORITIES

**Cases**                                                       **Pages(s)**

*Amoco Oil Co. v. Liberty Auto & Elec. Co*., 2001 Conn. Super. LEXIS 1258 *18
(Conn. Super. Ct 2001)…………………………………………………………………5-7

*Beckenstein v. Potter & Carrier, Inc.,* 191 Conn. 150, 156 (Conn. 1983)………………………..4

*Ferguson v. EBI Medical Systems*, 1995 Conn. Super. LEXIS 2228 * 15
(Conn. Super. Ct. 1995)………………………………………………….……..6

*General Signal Corp. v. MCI Telecommunications Corp*., 66 F.3d 1500, 1514
(9th Cir. 1995)………………………………………………………………………..4

*Kennedy v. Johns-Manville Sales Corp*., 135 Conn. 176, 180 (Conn. 1948)……………………..4

*Lang v. Brom Builders*, 1998 Conn. Super. LEXIS 280 *23-24 (Conn. Super. Ct 1998)……........4

*Leahey v. Lawrence D. Coon & Sons, Inc.*, 2006 Conn. Super. LEXIS 2157 *7
(Conn. Super Ct 2006) …………………………………………………………………6

*Norcia v. Greenwich Plaza, Inc*., 2013 Conn. Super. LEXIS 795 *8 (Conn. Super. Ct 2013)…...6

*Northbrook Nat'l Ins. Co. v. J & R Vending Corp.,* 167 F.R.D. 643, 647 (E.D.N.Y. 1996)……...2

*Oronoque Vill. Condo. Ass'n v. Bargas*, 2013 Conn. Super. LEXIS 2517 *14-15
(Conn. Super. Ct 2013)…………………………………………………………………3

*Paul v. McPhee Electrical Contractors*, 46 Conn. App. 18, 23 (Conn. App. Ct. 1997)………….5

*Tallmadge Bro., Inc. v. Iroquois Gas Transmission System*, L.P., 252 Conn. 479, 499
(Conn. 2000)…………………………………………………………………………2

*Wagner v. Clark Equip. Co*., 1995 Conn. Super. LEXIS 1739 *7 (Conn. Super. Ct 1995)………5

**Statutes**

Connecticut General Statute § 52-576……………………………………………………….4

## PRELIMINARY STATEMENT

The defendants, Bright Window Specialists, Inc. and Richard Kusyk ("Kusyk" and together, the "BWS Defendants"), respectfully submit this reply memorandum of law in further support of their motion to dismiss the January 16, 2018 amended complaint (the "Amended Complaint") of plaintiff Robert E. Crabtree, Jr. ("Plaintiff"), and in opposition to Plaintiff's request to further amend his pleading.

First, the language of the May 17, 2010 general release (the "Release") makes it clear that it was intended to cover all claims between the Plaintiff and the BWS Defendants that then existed, including claims that may have been unforeseen. Plaintiff's claims clearly existed at the time of the execution of the Release because the facts underlying the claims did.

Second, Plaintiff's proposed second amended complaint (the "Proposed Second Amended Complaint") fails to provide a basis to avoid dismissal. Based on the Release and the lapsing of all applicable statutes of limitations on Plaintiff's claims – any amendment would be futile. Further, the Proposed Second Amended Complaint does not add anything that would change the outcome of Plaintiff's causes of action being released and or time-barred because it is based upon the same operative facts as the Amended Complaint.

Finally, Plaintiff's products lability, conversion and CUPTA claims fail. Plaintiff alleges the BWS Defendants to be the installer of the windows. As the installer, and not the seller, the BWS Defendants fall outside the reach of the products liability statute altogether. Moreover, the BWS Defendants could not have converted funds because Plaintiff agreed to pay them to inspect the windows and Plaintiff could not have reasonably believed that Kusyk would travel to Plaintiff's property and inspect his windows at no cost. Indeed, Plaintiff's first pleading

affirmatively alleged that he paid a non-refundable fee for this service. Lastly, Plaintiff's CUPTA claim fails because it is based solely on the alleged conversion.

As is more fully set forth below, each of Plaintiff's amended pleadings fails as a matter of law and this action should be dismissed in its entirety, and Plaintiff's motion to further amend his complaint should be denied.

## STATEMENT OF RELEVANT FACTS

This Court and Plaintiff are respectfully referred to the declaration of Mark Cermele, dated January 23, 2018, together with all exhibits annexed thereto (the "Cermele Decl.") and the reply declaration of Mark Cermele dated March 15, 2018, together with all exhibits annexed thereto (the "Reply Decl.") for a full and complete recitation of all relevant facts.

## ARGUMENT

## POINT I

## PLAINTIFF'S CLAIMS HAVE BEEN RELEASED AND ARE TIME-BARRED

### A. The Release is a Bar to the Claims in This Action

Plaintiff released all claims against the BWS Defendants. In *Tallmadge Bro., Inc. v. Iroquois Gas Transmission System*, L.P., 252 Conn. 479, 499 (Conn. 2000), the court concluded that the language in the release was sufficiently broad to include the claims asserted by the plaintiff. Specifically, the release stated:

> "does hereby . . . release, acquit and forever discharge the RELEASEES . . . from any and all . . . causes of action [and] claims . . . in law or in equity, which the RELEASOR ever had, now has or can, shall or may have, for, upon or by reason of any matter, cause or things, of any kind whatsoever, against the RELEASEES, from the beginning of the world to the day of the date of these presents."

*Id*.

The court held that this "language plainly provides that the defendants are absolved of liability from any causes of action which are in existence at the time of execution whether or not the plaintiff knew of such claims" and "when read in the context of the release as a whole, the above language makes clear that the release was intended to cover all claims between the parties that then existed, including claims that may have been unforeseen." *Id*.

The same analysis should be applied here because Plaintiff signed a nearly identical release that released the BWS Defendants from:

> "all actions, claims and causes of action, including but not limited to, all claims relating to any work performed by [the BWS Defendants] at the real property known as 918 North Street, Greenwich, Connecticut…which against [the BWS Defendants] [Plaintiff] ever had, now have or hereafter can, shall or may, have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this release."

(*See* Cermele Decl. Ex. D.)

Accordingly, the Release intended to cover all claims between the Plaintiff and the BWS Defendants including claims that may have been unforeseen. The BWS Defendants are absolved of liability from any causes of action which are in existence at the time of execution whether or not Plaintiff knew of such claims.

Moreover, Plaintiff's claims existed at the time of the execution of the Release. In *Oronoque Vill. Condo. Ass'n v. Bargas*, 2013 Conn. Super. LEXIS 2517 *14-15 (Conn. Super. Ct 2013), the court held that the plaintiff's claims existed at the time of the execution of the release because the facts underlying the claims did and "it is the facts underlying the plaintiff's claim that form the basis of that claim." Here, in Plaintiff's own words the facts underlying Plaintiff's claims occurred in or around 2007 when the BWS Defendants installed the windows

at the property. (*See* Cermele Aff. Ex. A., pg. 3, ¶ 9.) Therefore, the facts underlying Plaintiff's claims occurred in or around 2007– making the claims covered under the release.

**B. Breach of Warranty Claim**

Plaintiff's claim for breach of warranty is time-barred. In *Beckenstein v. Potter & Carrier, Inc.,* 191 Conn. 150, 156 (Conn. 1983), the court held that "General Statutes 52-576 barred a breach of warranty action because injury was inflicted when defendant completed construction on a defective roof more than six years before the action was commenced." Similarly, in *Kennedy v. Johns-Manville Sales Corp*., 135 Conn. 176, 180 (Conn. 1948), the court held that the:

> "six-year statute of limitations barred the breach of warranty action although plaintiff did not become aware of defendant's negligent installation of insulation in the walls of plaintiff's house until more than six years after the negligence occurred."

*See Lang v. Brom Builders*, 1998 Conn. Super. LEXIS 280 *23-24 (Conn. Super. Ct 1998).

The same analysis should be applied here. Even assuming the BWS Defendants warranted anything to Plaintiff, the alleged injury to the windows would have been inflicted when the BWS Defendants installed the windows in or around 2007 – more than 6 years ago. Plaintiff himself states "on or about December 2, 2005, Plaintiff …entered into a contract with defendants to purchase windows and doors from Hope's for installation at his home by Kusyk" and "by 2007, ninety-five percent of the windows and doors had been installed and by 2008 Plaintiff moved into his home." (*See* Cermele Decl. Ex. A., pg. 3, ¶¶ 6-9.) Accordingly, Plaintiff's breach of warranty claim is time-barred because the installation of the windows occurred more than 6 years ago.

**POINT II**

**ANY FURTHER AMENDMENT IS FUTILE**

Plaintiff's motion to further amend the Amended Complaint should be denied because a second amendment would be futile. Based on the Release and the lapsing of all applicable statutes of limitations on Plaintiff's claims, any amendment would be futile. *See Wagner v. Clark Equip. Co.*, 1995 Conn. Super. LEXIS 1739 *7 (Conn. Super. Ct 1995); *Northbrook Nat'l Ins. Co. v. J & R Vending Corp.,* 167 F.R.D. 643, 647 (E.D.N.Y. 1996).

Further, Plaintiff's Proposed Second Amended Complaint does not add anything that would change the outcome of Plaintiff's causes of action being released and or time-barred because it is based upon the same facts as the Amended Complaint. Plaintiff even alleges this himself stating that "the proposed amendment is based upon the facts asserted in the first amended complaint." (*See* Memorandum of Law in Support of Motion to Amend Complaint, For Default Judgment and In Opposition to Motion to Dismiss, pg. 4, ¶ 3, CM/ECF Dkt. No. 29.)

**POINT III**

**PLAINTIFF'S PRODUCT LIABILITY, COVERSION AND CUPTA CLAIMS FAIL**

**A. Products Liability Claim**

The BWS Defendants fall outside Plaintiff's products liability claim. In *Amoco Oil Co. v. Liberty Auto & Elec. Co.*, 2001 Conn. Super. LEXIS 1258 *18 (Conn. Super. Ct 2001), the court held that defendant, as the installer, and not the seller, fell outside the reach of the products liability statute altogether. The court relied on the Appellate Court ruling in *Paul v. McPhee Electrical Contractors*, 46 Conn. App. 18, 23 (Conn. App. Ct. 1997), which held that:

> "an installer of a light fixture was not a product seller because it was not alleged that the installer was in the business of selling or leasing light fixtures, or was engaged in the bailment of such light

5

> fixtures or was involved in placing such light fixtures in the stream of commerce."

*See also Ferguson v. EBI Medical Systems*, 1995 Conn. Super. LEXIS 2228 * 15 (Conn. Super. Ct. 1995) (holding that a hospital rendered services, and was not a product seller, where the hospital ordered and installed an allegedly defective wrist fixator during surgery on the plaintiff).

The same analysis should be applied here. The BWS Defendants are not the product sellers because they did not sell the windows to Plaintiff – they simply installed them. In Plaintiff's own words, "Defendant Richard Kusyk is the owner of Bright which installed the windows and doors at the Premises." (*See* Cermele Decl. Ex. A., pg. 2, ¶ 3.) Also, the May 5, 2010 settlement agreement that Plaintiff and the BWS Defendants entered into specifically states that Plaintiff entered into a contract with the BWS Defendants "for the installation of custom steel windows and doors at the property that were manufactured by Hope's." (*See* Cermele Decl. Ex. C., pg. 1, ¶ 5.)

"A party should be considered a product seller where a sale of a product is a principal part of the transaction and where the essence of the relationship between the buyer and seller is not the furnishing of professional skills or services." *See Norcia v. Greenwich Plaza, Inc.*, 2013 Conn. Super. LEXIS 795 *8 (Conn. Super. Ct 2013.) Here, the principal part of the transaction between the BWS Defendants and Plaintiff was the furnishing of professional skills and services – Plaintiff hired the BWS Defendants to install the windows at his property. "The Connecticut Product Liability Act excludes from the definition of a product seller entities that are in the business of installation and entities that are in the business of repairs and service." *See Leahey v. Lawrence D. Coon & Sons, Inc.*, 2006 Conn. Super. LEXIS 2157 *7 (Conn. Super Ct 2006). "A product liability claim pursuant to § 52-572n(a) may only be asserted against product sellers."

*See Amoco Oil Co. v. Liberty Auto & Elec. Co*., 2001 Conn. Super. LEXIS 1258 *18 (Conn. Super. Ct 2001).

## B. Conversion and CUPTA Claim

Plaintiff's conversion and CUPTA claims fail. In Plaintiff's first pleading filed in Superior Court for the State of Connecticut, Plaintiff himself stated that the $1,500.00 that he paid Kusyk was a "non-refundable $1,500.00 appearance fee." (*See* Notice of Removal, Ex. B., pg. 4, ¶ 1, CM/ECF Dkt. No. 1.) Now, in Plaintiff's amended pleadings (most likely after realizing his CUPTA claim fails) he completely changes his story and argues that the $1,500.00 was a deposit and that the fee would be refunded to Plaintiff if he decided not to replace the windows. (*See* Cermele Aff. Ex. A. and Memorandum of Law in Support of Motion to Amend Complaint, For Default Judgment and In Opposition to Motion to Dismiss, pg. 8, CM/ECF Dkt. No. 29.). Moreover, Plaintiff could not have reasonably believed that Kusyk would travel to Plaintiff's property, inspect his windows and perform any other necessary work at no cost to Plaintiff – regardless of whether Plaintiff chose to replace the windows or not. The BWS Defendants were authorized by Plaintiff to exercise ownership of the disputed funds because Plaintiff actually paid them $1,500.00 to inspect the windows. Lastly, Plaintiff's CUPTA claim fails because it is based solely on the alleged conversion and the BWS Defendants did not convert Plaintiff's funds.

## <u>CONCLUSION</u>

For the reasons set forth above, each of Plaintiff's amended pleadings fails as a matter of law and this action should be dismissed in its entirety, and Plaintiff's motion to further amend his complaint should be denied.

Dated: White Plains, New York
      March 15, 2018

                    Respectfully Submitted,

                    **CERMELE & WOOD LLP**

By: _____
                    Mark Cermele
                    Federal Bar Number: CT27336
                    *Attorneys for Defendants*
                    *Bright Window Specialist Inc.*
                    *and Richard Kusyk*
                    2 Westchester Park Drive, Suite 110
                    White Plains, New York 10604
                    Tel: (914) 967-2753
                    Fax: (914) 967-2754
                    mark@cw.legal

Thomas B. Decea, Esq.
Fishman Decea & Feldman
*Attorneys for Plaintiff*
84 Business Park Drive, Suite 200
Armonk, New York 10504
tdecea@dfdlawfirm.com

Christopher John Molyneaux, Esq.
*Attorneys for Defendant Hope's Windows, Inc.*
60 White Plains Road
Scarsdale, New York 10583
cmolyneaux@joneslawllp.com

## CERTIFICATE OF SERVICE

I, Mark Cermele, hereby certify that on March 15, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system.

Dated: White Plains, New York
March 15, 2018

**CERMELE & WOOD LLP**

By: _____
Mark Cermele
Federal Bar Number: CT27336
*Attorneys for Defendants*
*Bright Window Specialist Inc.*
*and Richard Kusyk*
2 Westchester Park Drive, Suite 110
White Plains, New York 10604
Tel: (914) 967-2753
Fax: (914) 967-2754
mark@cw.legal

Thomas B. Decea, Esq.
Fishman Decea & Feldman
*Attorneys for Plaintiff*
84 Business Park Drive, Suite 200
Armonk, New York 10504
tdecea@dfdlawfirm.com

Christopher John Molyneaux, Esq.
*Attorneys for Defendant Hope's Windows, Inc.*
60 White Plains Road
Scarsdale, New York 10583
cmolyneaux@joneslawllp.com