**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ROBERT E. CRABTREE, JR., <br><br> *Plaintiff*, <br><br> -against- <br><br><br> HOPE'S WINDOWS, INC., BRIGHT WINDOW SPECIALISTS, INC. and RICHARD KUSYK, <br><br> *Defendants.* | Civil Case No.: 3:17-cv-01709-VAB <br><br><br> Date: March 15, 2018 |

**BRIGHT WINDOW SPECIALISTS, INC. AND RICHARD KUSYK'S**
**MOTION FOR SANCTIONS**

Pursuant to Rule 11 of the Federal Rules of Civil Procedure defendants, Bright Window Specialists, Inc. and Richard Kusyk (together, the "BWS Defendants"), hereby move for an Order imposing sanctions against plaintiff, Robert E. Crabtree, Jr. ("Plaintiff") and Plaintiff's counsel, Fishman Decea & Feldman, for asserting frivolous claims against the BWS Defendants.

Sanctions should be granted because (i) Plaintiff's claims were both the subject of a prior settlement agreement and general release, (ii) Plaintiff's claim are time-barred, (iii) the action was pursued in bad faith and for improper purposes, and (iv) the factual contentions alleged in Plaintiff's amended complaint do not have any evidentiary support.

[*remainder of page intentionally left blank*]

Dated: White Plains, New York
March 15, 2018

Respectfully Submitted,

**CERMELE & WOOD LLP**

By: _____

Mark Cermele
Federal Bar Number: CT27336
*Attorneys for Defendants*
*Bright Window Specialists Inc.*
*and Richard Kusyk*
2 Westchester Park Drive, Suite 110
White Plains, New York 10604
Tel: (914) 967-2753
Fax: (914) 967-2754
mark@cw.legal

## CERTIFICATE OF SERVICE

I, Mark Cermele, hereby certify that on March 15, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system. Plaintiff was served with the foregoing on February 8, 2018.

Dated: White Plains, New York
March 15, 2018

**CERMELE & WOOD LLP**

By _____
Mark Cermele
Federal Bar Number: CT27336
*Attorneys for Defendants*
*Bright Window Specialist Inc.*
*and Richard Kusyk*
2 Westchester Park Drive, Suite 110
White Plains, New York 10604
Tel: (914) 967-2753
Fax: (914) 967-2754
mark@cw.legal

Thomas B. Decea, Esq.
Fishman Decea & Feldman
*Attorneys for Plaintiff*
84 Business Park Drive, Suite 200
Armonk, New York 10504
tdecea@dfdlawfirm.com

Christopher John Molyneaux, Esq.
*Attorneys for Defendant Hope's Windows, Inc.*
60 White Plains Road
Scarsdale, New York 10583
cmolyneaux@joneslawllp.com

|  |  |
|---|---|
| ROBERT E. CRABTREE, JR., | Civil Case No.: 3:17-cv-01709-VAB |
| *Plaintiff*, | |
| -against- | Date: March 15, 2018 |
| HOPE'S WINDOWS, INC., BRIGHT WINDOW SPECIALISTS, INC. and RICHARD KUSYK, | |
| *Defendants*. | |

## DECLARATION OF MARK CERMELE

MARK CERMELE, an attorney duly admitted to practice law in the State of Connecticut, declares the following to be true under penalties of perjury:

1. I am a partner at Cermele & Wood LLP, attorneys for defendants, Bright Window Specialists, Inc. and Richard Kusyk (together, the "BWS Defendants"), and as such I am fully familiar with the facts and circumstances set forth herein.

2. I submit this declaration in support of the BWS Defendants' motion for sanctions against plaintiff, Robert E. Crabtree, Jr. ("Plaintiff") and his counsel, Fishman Decea & Feldman, for filing a frivolous amended complaint against the BWS Defendants.

3. A true and correct copy of Plaintiff's amended complaint is attached hereto as **Exhibit A**.

4. A true and correct copy of Plaintiff's complaint against the BWS Defendant's in a 2010 Connecticut Superior Court action is attached hereto as **Exhibit B**.

5. A true and correct copy of the May 5, 2010 settlement agreement by and between Plaintiff and the BWS Defendants is attached hereto as **Exhibit C**.

6. A true and correct copy of the May 17, 2010 general release made by Plaintiff in favor of the BWS Defendants is attached hereto as **Exhibit D**.

7. A true and correct copy of the BWS Defendants' October 10, 2017 Rule 11 letter to Plaintiff is attached hereto as **Exhibit E**.

8. A true and correct copy of the January 16, 2018 email to Plaintiff's counsel reiterating the Rule 11 warning after Plaintiff amended his complaint is attached hereto as **Exhibit F**.

**WHEREFORE**, the BWS Defendants motion for sanctions should be granted.

Dated: White Plains, New York
      March 15, 2018

Mark Cermele

2

# CERTIFICATE OF SERVICE

I, Mark Cermele, hereby certify that on March 15, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system. Plaintiff was served with the foregoing on February 8, 2018.

Dated: White Plains, New York
      March 15, 2018

                                          **CERMELE & WOOD LLP**

                                          By:

                                          Mark Cermele
                                          Federal Bar Number: CT27336
                                          *Attorneys for Defendants*
                                          *Bright Window Specialist Inc.*
                                          *and Richard Kusyk*
                                          2 Westchester Park Drive, Suite 110
                                          White Plains, New York 10604
                                          Tel: (914) 967-2753
                                          Fax: (914) 967-2754
                                          mark@cw.legal

Thomas B. Decea, Esq.
Fishman Decea & Feldman
*Attorneys for Plaintiff*
84 Business Park Drive, Suite 200
Armonk, New York 10504
tdecea@dfdlawfirm.com

Christopher John Molyneaux, Esq.
*Attorneys for Defendant Hope's Windows, Inc.*
60 White Plains Road
Scarsdale, New York 10583
cmolyneaux@joneslawllp.com

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

---

ROBERT E. CRABTREE, JR.,     :

              :  Civil Case No: 3:17-cv-01709-VAB

      Plaintiff,    :

              :  January 16, 2018

      - v -      :

              :

HOPE'S WINDOWS, INC., BRIGHT WINDOW :

SPECIALISTS, INC., and RICHARD KUSYK :

              :

      Defendant.   :

---

FIRST AMENDED COMPLAINT OF
PLAINTIFF ROBERT E. CRABTREE, JR.

Plaintiff, Robert E. Crabtree, Jr. ("Plaintiff"), by and through his attorneys, Fishman Decea & Feldman as and for his first amended complaint herein alleges the following:

1. Plaintiff is a resident of the State of Vermont and is the fee owner of certain real property located at, and known as, 918 North Street, Greenwich, Connecticut (the "Premises"). The Premises are the subject of this action.

2. Defendant Hope's Windows, Inc. ("Hope's") is upon information and belief a foreign business corporation formed in the State of Delaware which maintains a principal place of business at 84 Hopkins Avenue, Jamestown, New York 14702.

3. Defendant Bright Window Specialists, Inc. ("Bright"), which maintains an office at 214 West 29th Street, New York, New York 10001, is upon information and belief defendant Hope's sole regional authorized sales representative for Greenwich, Connecticut, where the Premises are located.

3.      Defendant Richard Kusyk ("Kusyk") is the owner of Bright which installed the windows and doors at the Premises and which are the subject of this action and who represented to Plaintiff that the windows were guaranteed for lifetime.

4.      Hope's touts itself as the "world's preeminent manufacturer of custom steel windows, steel doors, security windows, fire-rated windows, and other architectural products."

5.      In an effort to sell its product, Hope's, individually, and by and through its authorized agents including the other defendants herein named represents to the world the following:

> Hope's meticulous manufacturing process and unrivaled artistry result in windows and doors of impeccable quality. And for good reason. We painstakingly handcraft each window and door in the United States, and back each with a stellar reputation for the finest quality.

> Engineering Process:

> Hope's project engineering group interactively works with customers and architects in developing window and door design concepts to provide the highest quality product and assure continuous customer satisfaction. We utilize the latest and most technologically advanced releases of AutoCAD in preparing the document drawings. Hope's also enlists the support and input of all internal groups to furnish their expertise in planning the project.

> Manufacturing Process:

> Each window and door Hope's creates is proudly handcrafted to meet an owner's, architect's, and builder's most exacting and demanding requirements. Since each window and door is custom-made, Hope's windows can be designed to enhance any architectural theme.

> Hope's steel windows are created from solid, hot-rolled steel sections. The superior strength of steel, combined with welded fabrication, produces frames and ventilators that will not rack. All frame and vent corners and muntin intersections are fully welded and ground smooth resulting in enhanced weather resistance and joints that are stronger than the steel itself.

4.      It was these representations upon which Plaintiff relied in retaining Hope's to supply the lifetime guaranteed windows for his custom made home . The products manufactured

by Hope's may only be purchased through authorized dealers; Bright is Hope's only authorized representative in the entire Northeastern United States so the purchase of the windows had to be effectuated through Bright and the windows and doors were installed by Kusyk. At all times relevant hereto Kusyk knowing he is the only representative in the area acts the part with a "take it or leave it" attitude.

5.      The windows installed at the Premises came with a lifetime warranty from manufacturing defects. Bright, by and through  Kusyk, have repeatedly recognized that:

> Hope's has developed ways to make those windows accommodate insulating glass, triple weather stripping and superior finishes that **will last a lifetime**. (Emphasis supplied).

6.      Hope's products were purchased from Hope's *via* Bright. To this end, on or about December 2, 2005, Plaintiff, by and through his general contractor, entered into a contract with Bright to purchase windows and doors from Hope's for installation at his home.

7.      The original contract price bargained for between Plaintiff, by and through his general contractor, and Bright for the windows and doors was $598,630 (the "Contract"). Subsequent changes to the Contract resulted in an increased contract price of $785,885 by September 2006. By the time the doors and windows were installed, the Contract price had increased to almost $1,000,000.

8.      Plaintiff has fulfilled all of his obligations under the Contract.

9.      By 2007, ninety-five percent of the windows and doors had been installed and by 2008 Plaintiff moved into the home. In the ensuing months Plaintiff discovered that windows and doors frames were defective by reason of the fact that there were missing frame pieces, the window sills and door bucks were not set properly and rattled, the hardware was either missing or improperly installed, did not have handles and were otherwise unusable and inoperable for their intended purposes. At the time Plaintiff had no knowledge of any defects in the glass itself.

3

10.     When defendants refused to stand by the installation of windows and doors Plaintiff was forced to bring a legal action which was settled and general releases were exchanged. The releases by their terms released all claims from the beginning of time to the date of the release. All of the facts upon which this action is based occurred in 2017, after the date of the release, and are not precluded by the release.

11.     Indeed, it was not until February 2017 that the first of five windows at the Premises spontaneously fractured like an automobile windshield.  Thereafter, by late summer four additional windows spontaneously burst in the same manner.  The defective windows were purchased and installed under the $1,000,000 Contract.

12.     The windows burst spontaneously and were not, and could not be, damaged based upon any act or omission on Plaintiff's part; the only possible cause of the fractures of the lifetime warrantied windows is a manufacturing defect.

13.     Plaintiff contacted Bright, Kusyk and Hope's (the only authorized dealer in the region),  to request that defendants replace the defective windows and doors which by Kusyk's own words "will last a lifetime".  It what is tantamount to extortion, and knowing that Plaintiff had no other option  but to deal with Bright, Kusyk agreed to come to inspect the defective windows only after he was paid a $1,500 down payment fee. With no other alternative, Plaintiff paid the fee; when Kusyk inspected the windows he said he could replace them for a minimum of $3,500 per window which he stated was the retail price of the windows.

14.     Defendants refused to replace the defective windows which they represent "will last a lifetime," under the warranty.

15.     Despite due demand therefore, Bright and Kusyk failed and refused to return to Plaintiff the $1,500 deposit for the windows.

4

## AS AND FOR A FIRST CAUSE OF ACTION
(Violation of C.G.S. Title 42a)

16.     Plaintiff repeats and reiterates the allegations of paragraphs 1 through 15 herein.

17.     This case involves the sale of goods by a merchant in excess of the monetary limitations and therefore is governed by C.G.S.A. § 42a-2-101 *et seq.*

18.     Plaintiff accepted and paid for goods from defendants which he then discovered were non-conforming.

19.     As a result of defendants' violation of C.G.S.A. § 42a-2-101 *et seq.*, Plaintiff is entitled to a money judgment is the sum of $1,000,000 plus incidental and consequential damages in an amount to be determined upon the trial of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Breach of Contract)

20.     Plaintiff repeats and reiterates the allegations of paragraphs 1 through 19 herein.

21.     The Contract required Bright to install Hope's windows and provide to Plaintiff a lifetime warranty of the windows and doors at the Premises. Bright installed Hope's windows and doors in the Premises however the windows and doors (the "Goods") were negligently and defectively manufactured and spontaneously fractured.

22.     Plaintiff specifically chose the Goods based on Hope's representation that it is the "world's preeminent manufacturer of custom steel windows, [and] doors,"[1] based upon the other representation made by defendants as set forth above, including Kusyk's representation that the Goods would be free of defect and last a lifetime. In so representing itself to consumers including Plaintiff, Hope's had a duty to manufacture its products in accordance with the standards of the industry generally, if not better.

---

[1]  See, www.hopeswindows.com (last visited on September 14, 2017).

23.     Hope's breached its duty by negligently and defectively manufacturing the Goods which are inferior and unusable for their intended purposes.

24.     As a result of Hope's breach as aforesaid, Plaintiff has incurred damages in an amount it would cost to cover which shall to be determined upon the trial of this action but presently believed to be in excess of $2,500,000 and Plaintiff demands judgment thereon.

AS AND FOR A THIRD CAUSE OF ACTION
(Breach of Implied Warranty)

25.     Plaintiff repeats and reiterates the allegations of paragraphs 1 through 24 herein.

26.     Hope's was the manufacturer of all of the Goods delivered to and installed at the Premises.

27.     As the manufacturer, Hope's had an implied duty to manufacture goods of a certain quality and caliber, and additionally, goods that worked for their intended purposes, as it represented to Plaintiff.

28.     The Goods manufactured and installed at the Premises were not of the quality and caliber represented to Plaintiff. In addition, the Goods were substantially defective in that they began systemically to fracture over time starting in 2017.

29.     Hope's breached the aforesaid duty when it manufactured the defective Goods – windows and doors that began to self-destruct – and supplied the Goods to Bright to install at the Premises.

30.     Earlier this year Plaintiff discovered that the quality and caliber of the Goods as manufactured were not as Hope's represented to him. In addition, Plaintiff discovered substantial nonconformities with the Goods – including the systemic fracturing of the windows.

31.     As a result of Hope's breach as aforesaid, Plaintiff has incurred damages in an amount it would cost to cover the Goods in the marketplace which shall to be determined upon

6

the trial of this action but presently believed to be in excess of $2,500,000 and Plaintiff demands judgment thereon.

AS AND FOR A FOURTH CAUSE OF ACTION
(Revocation of Acceptance)

32.     Plaintiff repeats and reiterates the allegations of paragraphs 1 through 31 herein.

33.     Title VII of the C.G.S. applies to the sale of goods.

34.     Plaintiff entered into the Contract with Bright under which Bright was obligated to Plaintiff to install goods purchased from Hope's.

35.     Bright performed its obligation under the Contract by installing the Goods from Hope's in Plaintiff's home. The Goods, as provided to Bright by Hope's, were nonconforming in that the Goods were substantially defective.

36.     Shortly after Plaintiff moved into the Premises, he discovered nonconformities in the Goods in the form of missing pieces, unevenness, and poor installation. Rather than stand by the workmanship defendants failed and refused to repair the work. Plaintiff was forced to commence a legal action which was settled. None of the defects found at the time of the prior action included defective glass which glass only started to burst spontaneously in 2017; therefore the defects, and damages therefrom, were only discovered in 2017.

37.     The new nonconformities substantially impair the value of the Goods and indeed the Premises, since the Goods need to be replaced.

38.     Plaintiff has revoked, and hereby revokes, his acceptance of the Goods insofar as they are cracking from improper manufacturing and not from their use by Plaintiff.

39.     Although Plaintiff repeatedly requested defendants to inspect the defects, they only agreed to do so but only on the condition that Plaintiff pays a down payment of $1,500 to be applied towards the cost of the replacement windows.   Plaintiff paid the fee but has refused to

7

accept defendants' cost bid for the replacement products and Bright and Kusyk have failed and refused to return the down payment made by Plaintiff.

40. Accordingly, Plaintiff demands a full refund of the price paid pursuant to the Contract and the other damages afforded to him under Title VII of the C.G.S., including incidental and consequential damages and attorneys' fees.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Conversion)

41. Plaintiff repeats and reiterates the allegations of paragraphs 1 through 40 herein.

42. Plaintiff's has in all respects possessory rights or interest in the down payment.

43. Defendant's Bright and Kusyk have wrongfully exercised dominion over the down payment in derogation of Plaintiff's right.

44. Despite due demand therefore, defendants Bright and Kusyk have failed and refused to return the down payment.

45. Accordingly, Plaintiff is entitled to compensatory and punitive damages in an amount to be determined upon the trial of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(CUPTA Violation)

46. Plaintiff repeats and reiterates the allegations of paragraphs 1 through 45 herein.

42. By defendants' actions as set forth herein, including the business practice that resulted in the conversion complained of herein, they have violated the Connecticut Unfair Trade Practices.

41. Accordingly, Plaintiff is entitled to compensatory, punitive and statutory damages in an amount to be determined upon the trial of this action.

WHEREFORE, Plaintiff seeks judgment against defendant as follows:

8

(i)      On the First Cause of Action for a judgment in an amount to be determined upon the trial of this action but presently believed to be in excess of $2,500,000;

(ii)     On the Second Cause of Action, for a judgment in the amount it would cost Plaintiff to cover the Goods in the marketplace which shall to be determined upon the trial of this action but presently believed to be in excess of $2,500,000 or to recover the difference between the value of the Goods as accepted and the value the Goods would have had if they had been as warranted;

(iii)    On the Third and Fourth Causes of Action for a judgment allowing Plaintiff to recover the entire purchase price paid for the Goods plus incidental and consequential damages and attorneys' fees in accordance with Title VII of the C.G.S.;

(iv)     On the Fifth Cause of Action for compensatory, punitive and statutory damages in an amount to be determined upon the trial of this action; and

(iv)     On the Sixth Cause of Action for a judgment under CUPTA including compensatory, punitive and statutory damages in an amount to be determined upon the trial of this action.

(v)      An order granting to Plaintiff such other and further relief as to this Court may seem just and proper including an award of attorneys' fees.

FISHMAN DECEA & FELDMAN

By:   /s/ Thomas B. Decea
        THOMAS B. DECEA
        Juris Number: 308099
84 Business Park Drive, Suite 200
Armonk, New York 10504
tdecea@dfdlawfirm.com
(914) 285-1400

*Attorneys for Plaintiff, Robert E. Crabtree, Jr.*

9

# EXHIBIT B

DOCKET NUMBER: CV-10-           :       SUPERIOR COURT
                               :
ROBERT E. CRABTREE, JR.,       :       JUDICIAL DISTRICT
                               :       OF STAMFORD/NORWALK
               Plaintiff,      :
v.                             :       AT STAMFORD
                               :
HOPE'S WINDOWS, INC            :
                               :
               Defendant.      :       February 3, 2010

## VERIFIED COMPLAINT OF PLAINTIFF ROBERT E. CRABTREE, JR.

Plaintiff Robert E. Crabtree, Jr. ("Plaintiff"), by and through his attorneys Danzig Fishman & Decea as and for his verified complaint herein alleges the following:

1. Plaintiff is a resident of the State of Connecticut and resides at 918 North Street, Greenwich (the "Premises"). The Premises are the subject of this action.

2. Defendant Hope's Windows, Inc. ("Hope's") is upon information and belief, a foreign business corporation formed in the State of Delaware which maintains a principal place of business at 84 Hopkins Avenue, Jamestown, New York 14702.

3. Defendant Hope's touts itself as the "world's preeminent manufacturer of custom steel windows, steel doors, security windows, fire-rated windows, and other architectural products." Hope's was founded in 1912 and was originally known as International Casement Company, Inc.

4. The products manufactured by defendant Hope's may only be purchased through authorized dealers. When Plaintiff wanted

to purchase windows for the Premises which he began constructing in 2005, by and through his general contractor he decided to purchase his custom windows and doors from defendant Hope's.

5. Hope's directed Plaintiff to Bright Window Specialists, Inc. ("Bright Windows"), its regional authorized sales representative for Greenwich, Connecticut. Defendant Hope's products were accordingly purchased from defendant Hope's via Bright Windows. To this end, on or about December 2, 2005, Plaintiff, by and through his general contractor, entered into a contract with Bright Windows to purchase windows and doors from defendant Hope's for installation at his home.

6. The original contract price bargained for between Plaintiff, by and through his general contractor, and Bright Windows for the windows and doors was $598,630 (the "Contract"). Subsequent changes to the contract resulted in an increased contract price of $785,885 by September 2006. By the time the doors and windows were installed, the contract price had increased to almost $1,000,000.

7. Plaintiff has fulfilled all of his obligations under the Contract.

8. By 2007, ninety-five percent of the windows and doors had been installed and by 2008 Plaintiff moved into the home. In the ensuing months Plaintiff discovered that windows and doors were defective; there were missing pieces, the windows and doors

rattled, leaked, did not have handles and were otherwise unusable and inoperable for their intended purposes. Among other things, the windows and doors do not operate properly (as set forth above), are uneven, do not match and are generally defective in numerous and substantial ways.

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>
(Products Liability)

9. Plaintiff repeats and reiterates the allegations of paragraphs 1 through 8 herein.

10. The Contract required Bright Windows to install Hope's windows and doors in the Premises. Bright Windows installed Hope's windows and doors in the Premises however the windows and doors (the "Goods") were negligently and defectively manufactured.

11. Plaintiff specifically chose the Goods based on Hope's self representation that it is the "world's preeminent manufacturer of custom steel windows, [and] doors."[1] In so representing itself to consumers including Plaintiff, Defendant Hope's had a duty to manufacture its products in accordance with the standards of the industry generally, if not better.

12. Defendant Hope's breached its duty by negligently and defectively manufacturing the Goods which are inferior and unusable for their intended purposes.

---

[1] See, www.hopeswindows.com (last visited on November 19, 2009).

3

13. As a result of defendant Hope's breach as aforesaid, Plaintiff has incurred damages in an amount to be determined upon the trial of this action but presently believed to be in excess of $1,000,000 and Plaintiff demands judgment thereon.

AS AND FOR A SECOND CAUSE OF ACTION
(Breach of Implied Warranty)

14. Plaintiff repeats and reiterates the allegations of paragraphs 1 through 13 herein.

15. Defendant Hope's was the manufacturer of all of the Goods delivered to and installed at the Premises.

16. As the manufacturer, defendant Hope's had an implied duty to manufacture goods of a certain quality and caliber, and additionally, goods that worked for their intended purposes, as it represented to Plaintiff.

17. The Goods manufactured and installed at the Premises were not of the quality and caliber represented to Plaintiff. In addition, the Goods were substantially defective in that they did not work for their intended purposes.

18. Defendant Hope's breached the aforesaid duty when it manufactured the defective Goods – windows and doors that did not work as intended – and supplied the Goods to Bright Windows to install at the Premises.

19. After moving into his newly built home, Plaintiff discovered that the quality and caliber of the Goods as

4

manufactured were not as defendant Hope's represented to him. In addition, Plaintiff discovered substantial nonconformities with the Goods – leaks, missing pieces, and unevenness of the goods themselves (as opposed to unevenness as a result of hanging) – after moving into his new home.

20. Accordingly, as a result of defendant Hope's breach of implied warranties, Plaintiff should be able to recover the difference between the value of the Goods accepted and the value that the Goods would have had if they had been as warranted.

AS AND FOR A THIRD CAUSE OF ACTION
(Revocation of Acceptance)

21. Plaintiff repeats and reiterates the allegations of paragraphs 1 through 20 herein.

22. Article 2 of the Uniform Commercial Code applies to the sale of goods.

23. Plaintiff entered into the Contract with Bright Windows under which Bright Windows was obligated to Plaintiff to install goods purchased from defendant Hope's.

24. Bright Windows performed its obligation under the Contract by installing the Goods from defendant Hope's in Plaintiff's home. The Goods, as provided to Bright Windows by defendant Hope's, were nonconforming in that the Goods were substantially defective.

5

25. Shortly after Plaintiff moved into the Premises, he discovered nonconformities in the Goods in the form of missing pieces, unevenness, and leaks, among other things, thereby rendering the Goods unusable for their intended purposes.

26. In addition, these nonconformities substantially impaired the value of the Goods and indeed the Premises, since the Goods were unusable.

27. Plaintiff revoked his acceptance of the Goods themselves (not the installation thereof) on or about January 1, 2009, when Plaintiff advised Bright Windows and defendant Hope's that the Goods were substantially nonconforming and that he was rejecting them.

28. Although plaintiff repeatedly requested that Hope's visit the home defendant Hope's has failed and refused even to visit the Premises to determine the extent of the nonconformities of the Goods.

29. Accordingly, Plaintiff demands a full refund of the price paid pursuant to the Contract as provided for in the Uniform Commercial Code.

AS AND FOR A FOURTH CAUSE OF ACTION<br>(CUPTA Violation)

30. Plaintiff repeats and reiterates the allegations of paragraphs 1 through 29 herein.

31. By defendant's action as set forth herein plaintiff has violated the Connecticut Unfair Trade Practices.

32. Accordingly, plaintiff is entitled to compensatory, punitive and statutory damages in an amount to be determined upon the trial of this action.

WHEREFORE, Plaintiff seeks judgment against defendant as follows:

A. On his first cause of action for a judgment in an amount to be determined upon the trial of this action but presently believed to be in excess of $1,000,000;

B. On his second cause of action, for a judgment allowing Plaintiff to recover the difference between the value of the Goods as accepted and the value the Goods would have had if they had been as warranted;

C. On his third cause of action for a judgment allowing Plaintiff to recover the entire purchase price paid for the Goods;

D. On his third cause of action for a judgment under CUPTA including compensatory, punitive and statutory damages in an amount to be determined upon the trial of this action.

E.    An order granting to Plaintiff such other and further relief as to this Court may seem just and proper including an award of attorneys' fees.

DANZIG FISHMAN & DECEA

By: _____
THOMAS B. DECEA
A Member of the Firm
Attorneys for Plaintiff
    Robert E. Crabtree, Jr.
Juris Number: 308099
One North Broadway, Suite 1202
White Plains, New York 10601
(914) 285-1400

8

## <u>VERIFICATION</u>

ROBERT E. CRABTREE, JR., being duly sworn, deposes and says:

1. I am the Plaintiff in this action.

2. I have read the Verified Complaint and the facts therein alleged are true and correct to the best of my knowledge; the facts alleged therein upon information and belief I believe to be true.

_____
Robert E. Crabtree, Jr.

STATE OF CONNECTICUT      )
                          )      ss:
COUNTY OF FAIRFIELD       )

Subscribed and sworn to before me on this the 22nd day of January, 2010.

_____
Notary Public

9

# EXHIBIT C

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and among ROBERT E. CRABTREE, JR., ("CRABTREE"), who resides at 918 North Street, Greenwich, Connecticut 06830; HOPE'S WINDOWS, INC. ("HOPE'S"), with offices located at 84 Hopkins Avenue, Jamestown, New York 14702; and BRIGHT WINDOW SPECIALISTS, INC. ("BRIGHT"), with offices located at 214 West 29h Street, New York, New York 1000 1.

## WITNESSETH:

**WHEREAS,** CRABTREE is the owner of real property known as 918 North Street, Greenwich, Connecticut 06830 (the "Property");

**WHEREAS,** HOPE'S is the manufacturer of custom steel windows and doors;

**WHEREAS,** BRIGHT is HOPE'S authorized sales representative and an installer of HOPE'S windows and doors;

**WHEREAS,** CRABTREE, or a contractor acting on his behalf, entered into a contract with BRIGHT for the installation of custom steel windows and doors at the Property that were manufactured by HOPE'S (the "Project");

**WHEREAS,** during BRIGHT's work at the Project a dispute arose between CRABTREE and BRIGHT regarding the windows and doors that BRIGHT was installing at the Property;

**WHEREAS,** on or about February 16, 2010, CRABTREE commenced an action against HOPE'S in Superior Court in Connecticut, entitled Robert E. Crabtree, Jr. v. Hope's Windows, Inc., Docket No.: FST-CVIO-6003789-S, asserting causes of action for products liability, breach of implied warranty, revocation of acceptance and violation of the Connecticut Unfair Trade Practices regarding the windows and doors manufactured by HOPE'S and that were being installed by BRIGHT at the Property;

**WHEREAS,** HOPE'S expressly denies any and all liability or wrongdoing with respect to the allegations set forth in the aforementioned action CRABTREE commenced against HOPE'S;

**NOW, THEREFORE,** in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt of which is hereby acknowledged, without HOPE'S or BRIGHT admitting any liability, responsibility or fault, the parties to this Agreement, their agents, successors and assigns, are desirous to settle, release and discharge any and all claims as follows:

1. Settlement

    a.    In full and final satisfaction of any and all claims that CRABTREE has or

may have against HOPE'S and BRIGHT, on or about May17, 2010, or on another mutually convenient date selected by CRABTREE and BRIGHT, BRIGHT shall perform the remaining "punch list" work, which is expected to take about one week to complete, pursuant to the notations (hand inscribed) in the "Notes" and/or "Repairs Required" sections thereon, if any, a copy of which is annexed hereto as Exhibit "A", and any additional replacement of materials or repairs that HOPE'S and CRABTREE agree may be required to be performed so that the installation of the windows and doors is deemed by HOPE and CRABTREE to be complete in all respects; both parties agree to use generally accepted industry standards to determine that the work is acceptable. Crabtree shall provide BRIGHT with full access to the Property on such date to perform such work as aforesaid.

      b.     In full and final satisfaction of any and all claims that BRIGHT has or may have against CRABTREE, BRIGHT shall waive the outstanding balance, in the approximate amount of $25,000.00, that CRABTREE, or a contractor acting on his behalf, has with BRIGHT regarding the Project.

      c.     BRIGHT's completion of the aforementioned work shall be deemed satisfactory, acceptable and complete unless Crabtree shall provide written notice to BRIGHT and HOPE'S detailing any alleged deficiencies within the five (5) day period set forth in Paragraphs 2a, b, c and 3 hereof.

2. <u>General Releases</u>

Prior to the commencement of the work set forth in paragraph "1" above:

      a.     CRABTREE and Carolyn Crabtree, his wife, shall execute and exchange a General Release, in the form annexed hereto as Exhibit "B", in favor of HOPE'S. The original, fully executed General Release shall be held in escrow by HOPE'S counsel, Gregg P. Garneau, Esq. of Jones Garneau, LLP, 670 White Plains Road, Scarsdale, New York 10583, (914) 472-2300, until five (5) days after BRIGHT completes the aforementioned work. Thereafter, HOPE'S counsel may release from escrow the original, fully executed General Release.

      b.     CRABTREE and Carolyn Crabtree, his wife, shall execute and exchange a General Release, in the form annexed hereto as Exhibit "C", in favor of BRIGHT. The original, fully executed General Release shall be held in escrow by BRIGHT's counsel, Michael Nadler, Esq. of Uncyk, Borenkind & Nadler, LLP, 555 Fifth Avenue, 18th Floor, New York, New York 10017, (212) 575-1292 until five (5) days after BRIGHT completes the aforementioned work. Thereafter, BRIGHT's counsel may release from escrow the original, fully executed General Release.

      c.     BRIGHT and HOPE'S shall each execute and exchange a General Release, in the form annexed hereto as Exhibit "D" and "E" respectively, in favor of CRABTREE. The original, fully executed General Release shall be held in escrow by CRABTREE's counsel, Thomas B. Decea, Esq. of Danzig Fishman & Decea, One North Broadway, Suite 1202, White Plains, New York 10601, (914) 285-1400, until five (5) days after BRIGHT completes the aforementioned work. Thereafter, CRABTREE's counsel may release

from escrow the original, fully executed General Release.

### 3. Withdrawal of Action

Prior to the commencement of the work set forth in paragraph "1" above, CRABTREE's counsel shall execute and exchange with counsel for HOPE'S a Withdrawal of Action Form regarding the action the Superior Court of Connecticut entitled Robert E. Crabtree, Jr. v. Hope's Windows, Inc., Docket No.: FST-CV 10-6003789-S. The original, executed Withdrawal Form shall be held in escrow by HOPE'S counsel until five (5) days after BRIGHT completes the aforementioned work. Thereafter, HOPE'S counsel may release from escrow the Withdrawal Form and file same with the Superior Court.

### 4. Review/Understanding of Release and Agreement Terms

The signatory to this Agreement expressly understand and agree that they have carefully reviewed this Agreement, that they understand the terms of this Agreement, that they had the opportunity to obtain legal advice and that they have relied wholly on their own judgment and knowledge and have not been influenced to any extent whatsoever in making this Agreement by any representations or statements made by the other or anyone acting on behalf of the other.

### 5. Confidentiality

It is understood and agreed that except if required or compelled to do so by law, court order, or governmental agency or regulation, the parties hereto shall not disclose the existence or any terms of this Agreement and settlement to any person or entity other than their respective directors, shareholders, employees, accountants and attorneys.

### 6. Entire Agreement

All agreements and understandings by and between the Parties are embodied and expressed herein, and this Agreement states the entire agreement of the Parties hereto and supersedes all prior and contemporaneous negotiations and agreements, oral or written.

### 7. Modifications

This Agreement may be amended only by a written agreement signed by the Parties.

### 8. Miscellaneous

a. If any provision of this Agreement is or may be held by a court or agency of competent jurisdiction to be invalid, void or unenforceable, the remaining provisions shall nevertheless survive and continue in full force and effect without being impaired or invalidated in any way.

b.    The Parties agree that this Agreement may be executed in any number of counterparts, each of which counterparts when signed by the Parties or their authorized representative shall constitute an original.  Executed agreements transmitted by e-mail PDF files shall be deemed originals.

IN WITNESS WHEREOF, the parties, intending to be legally bound, have executed this Agreement as of the date set forth below.

HOPE'S WINDOWS, INC.

By:    Randall P. Manitta
Title:   Executive Vice President
Date:   May 5, 2010

ROBERT E. CRABTREE, JR.

BRIGHT WINDOW SPECIALISTS, INC.

By:
Title:
Date:

b. The Parties agree that this Agreement may be executed in any number of counterparts, each of which counterparts when signed by the Parties or their authorized representative shall constitute an original. Executed agreements transmitted by e-mail PDF files shall be deemed originals.

IN WITNESS WHEREOF, the parties, intending to be legally bound, have executed this Agreement as of the date set forth below.

HOPE'S WINDOWS, INC.

By: _____

Title:

Date:

ROBERT E. CRABTREE, JR.

BRIGHT WINDOW SPECIALISTS, INC.

By: _____

Title:

Date:

4

b.      The Parties agree that this Agreement may be executed in any number of counterparts, each of which counterparts when signed by the Parties or their authorized representative shall constitute an original.  Executed agreements transmitted by e-mail PDF files shall be deemed originals.

        IN WITNESS WHEREOF, the parties, intending to be legally bound, have executed this Agreement as of the date set forth below.

HOPE'S WINDOWS, INC.


By: _____

Title:

Date:


                                        ROBERT E. CRABTREE, JR.


BRIGHT WINDOW SPECIALISTS, INC.

By: Richard Geusyk

Title: President

Date: 5/20/10


JASON NOVATT
Notary Public, State Of New York
No. 01NO5043465
Qualified In Kings County
Commission Expires 06/19/2010

5/20/10

4

# EXHIBIT D

# General Release

**To all to whom these Presents shall come or may Concern, Know That,** ROBERT E. CRABTREE, JR. and CAROLYN CRABTREE (referred to herein collectively as "CRABTREE") on behalf of themselves and their Related Entities (as defined below) in consideration of having received, receipt of which is hereby acknowledged, on behalf of BRIGHT WINDOW SPECIALISTS, INC. ("BRIGHT") and its Related Entities, Ten Dollars ($10.00), together with other good and valuable consideration, release and forever discharge BRIGHT and its Related Entities from all actions, claims and causes of action, including, but not limited to, all claims relating to any work performed by BRIGHT at the real property known as 918 North Street, Greenwich, Connecticut, all suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law, admiralty or equity, which against BRIGHT or its Related Entities, CRABTREE or his Related Entities ever had, now have or hereafter can, shall or may, have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

For purposes of this General Release, "Related Entities" shall mean any successors, assigns, agents, employees, servants, representatives, officers, director, shareholders, predecessors, principals, parent corporations, subsidiaries, affiliates, partners, professional corporations, employers, limited liability companies or partnerships, related corporations, heirs, executors, administrators, trustee in bankruptcy and attorneys, contractors, and any other person or entity claiming by or through the signatory hereto, by whatever name such Related Entity may now be known, or may have been known, or may hereafter be known.

This RELEASE constitutes complete payment for all damages, injuries, attorney's fees, costs and expenses and is specifically intended to release BRIGHT and its Related Entities.

Whenever the text hereof requires, the use of the singular number shall include the appropriate plural number as the text in the within instrument may require.

This RELEASE may not be changed orally.

**In Witness Whereof,** the RELEASORS have hereunto set RELEASORS' hands:

_____      _____
ROBERT E. CRABTREE, JR.            CAROLYN CRABTREE

Sworn to before me this
17th day of May , 2010

_____
Notary Public

D. D. ALFANO
*NOTARY PUBLIC*
MY COMMISSION EXPIRES JULY 31, 2013

# EXHIBIT E



Michael R. Wood, Partner
mike@cw.legal

October 10, 2017

*Via Email: tdecea@dfdlawfirm.com*
*and First Class Mail*

Thomas B. Decea, Esq.
Fishman Decea & Feldman
84 Business Park Drive, Suite 200
Armonk, New York 10504

> **Re:** ***Robert E. Crabtree v. Hope's Windows, Inc., et al.***
> ***Docket No.: FST-CV-17-6033432-S***

Dear Mr. Decea:

This firm represents defendants, Bright Window Specialists, Inc. and Richard Kusyk (collectively, the "BWS Defendants"), in the above-referenced matter. On September 28, 2017, plaintiff, Robert E. Crabtree ("Plaintiff"), filed a summons and complaint in Connecticut Superior Court against the BWS Defendants for claims regarding the alleged installation of defective windows at 918 North Street, Greenwich, Connecticut. Today, the BWS Defendants removed that action to the United States District Court for the District of Connecticut (the "Action").

The Action plainly presents a frivolous argument to the Court. On February 16, 2010, Plaintiff filed a summons and complaint against the BWS Defendants for the same claims he raises now (the "Original Action"). On November 12, 2010, Plaintiff and the BWS Defendants signed a settlement agreement and Plaintiff withdrew the Original Action. A copy of the settlement agreement and withdrawal papers are annexed hereto as **Exhibit A**. Plaintiff also signed a general release that released the BWS Defendants "from all actions, claims and causes of action, including but to limited to, all claims relating to any work performed by [the BWS Defendants] at the real property known as 918 North Street, Greenwich, Connecticut." A copy of the general release is annexed hereto as **Exhibit B**. Accordingly, Plaintiff's instant allegations are frivolous. Further, Plaintiff's Action is time barred because the incident allegedly occurred on or around September 2008.

Under Rule 11(c), sanctions are permitted when a party files a pleading for an improper purpose, such as claims that are frivolous. The court may impose sanctions on any attorney, law firm or party that violated Rule 11 or that are responsible for such violation. The BWS Defendants demand that Plaintiff immediately withdraws the Action.

Thomas B. Decea, Esq.
October 10, 2017
Page 2


If Plaintiff fails to withdraw the Action, the BWS Defendants intend to file a motion to dismiss and a motion for sanctions.

Sincerely,

Michael R. Wood

Enc.

cc. Christopher John Molyneaux, Esq. (*via email and first-class mail*)

# EXHIBIT A

# WITHDRAWAL

JD-CV-41 Rev. 6-08

**Complete All Sections Below**

## STATE OF CONNECTICUT
## SUPERIOR COURT
*www.jud.ct.gov*

Docket Number
**FST-CV-10-6003789-S**

Return Date
**Mar-09-2010**

Name of Case *(First-Named Plaintiff vs. First-Named Defendant)*
**CRABTREE JR., ROBERT  v.  HOPE'S WINDOWS**

| ☑ | Judicial District | ☐ | Housing Session | ☐ G.A. No. | Address of Court *(Number, street, town and zip code)*<br>**123 HOYT STREET  Stamford CT 06905** |
|---|---|---|---|---|---|

## Section I *(check only one box)*  This Withdrawal is being filed because the dispute has been resolved by:

### I. Court-Annexed ADR

| 411088 | ☐ | Early Intervention |
| 411089 | ☐ | Early Neutral Evaluation |
| 411090 | ☐ | Attorney Trial Referee |
| 411091 | ☐ | Fact-Finding |
| 411093 | ☐ | Arbitration |
| 411094 | ☐ | Mediation |
| 411095 | ☐ | Special Masters |
| 411096 | ☐ | Summary Jury Trial |

### II. Court Intervention

| 411098 | ☐ | Pretrial Conference |
| 411099 | ☐ | Trial Management Conference |
| 411100 | ☐ | Commencement of Trial |

*(court trial - first witness sworn; jury trial - trial jurors sworn)*

### III. Private ADR

| 411102 | ☐ | Provider Name: |

### IV. Other

| 411103 | ☑ | Discussion of Parties on Their Own |
| 415602 | ☐ | Unilateral Action of Party(ies) |

## Section II    Withdrawal

**Dispositive**   *(Do not check the following two boxes if any intervening complaints, cross complaints, counterclaims, or third party complaints remain pending in this case. See below for partial withdrawal of action.)*

(WDACT)   ☑   The Plaintiff's action is WITHDRAWN AS TO ALL DEFENDANTS without costs to any party.

(WOARD)   ☐   A judgment has been rendered against the following Defendant(s):

and the Plaintiff's action is WITHDRAWN AS TO ALL REMAINING DEFENDANTS without costs.

**Partial**

The following pleading(s), motion(s) or other paper(s) in the case named above is or are withdrawn:

| (WDCOMP) | ☐ | Complaint | (WOAAP) ☐ | Plaintiff(s): _____ |
| (WDCOUNT) | ☐ | Counts of the complaint: _____ | | |
| | | | (WOAAD) ☐ | Complaint against defendant(s): _____ |
| (WDINTCO) | ☐ | Intervening Complaint | | |
| (WDTHPC) | ☐ | Third Party Complaint | | _____ only without costs |
| (WAPPCOM) | ☐ | Apportionment Complaint | (WOM) ☐ | Motion: _____ |
| (WDCC) | ☐ | Cross Complaint (cross claim) | ☐ | Other: _____ |
| (WOC) | ☐ | Counterclaim | | |

**Signature Required**

| Plaintiff | ROBERT E CRABTREE JR. | ; By | THOMAS B DECEA | Attorney |
| Plaintiff | _____ | ; By | _____ | Attorney |
| Defendant | _____ | ; By | _____ | Attorney |
| Defendant | _____ | ; By | _____ | Attorney |

**Name & Address of Signer:** ► **THOMAS B DECEA  1 North Broadway, Suite 1202, White Plains, New York 10601**

OFFICE USE ONLY

## Section III    Certification

Signed *(Individual attorney or self-represented party)*
► 308099

I certify that a copy was mailed or delivered to all counsel and self-represented parties of record on:

| Date<br>Nov-9-2010 | Telephone Number *(Area code first)*<br>914-285-1400 |

| Name of Each Party Served *<br>**JONES GARNEAU LLP** | Address At Which Service Was Made*<br>**666 SUMMER STREET, , STAMFORD, CT 06901** |

\* If necessary, attach additional sheet with names of each party served and the address at which service was made.

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and among ROBERT E. CRABTREE, JR., ("CRABTREE"), who resides at 918 North Street, Greenwich, Connecticut 06830; HOPE'S WINDOWS, INC. ("HOPE'S"), with offices located at 84 Hopkins Avenue, Jamestown, New York 14702; and BRIGHT WINDOW SPECIALISTS, INC. ("BRIGHT"), with offices located at 214 West 29h Street, New York, New York 1000 1.

## WITNESSETH:

**WHEREAS**, CRABTREE is the owner of real property known as 918 North Street, Greenwich, Connecticut 06830 (the "Property");

**WHEREAS**, HOPE'S is the manufacturer of custom steel windows and doors;

**WHEREAS**, BRIGHT is HOPE'S authorized sales representative and an installer of HOPE'S windows and doors;

**WHEREAS**, CRABTREE, or a contractor acting on his behalf, entered into a contract with BRIGHT for the installation of custom steel windows and doors at the Property that were manufactured by HOPE'S (the "Project");

**WHEREAS**, during BRIGHT's work at the Project a dispute arose between CRABTREE and BRIGHT regarding the windows and doors that BRIGHT was installing at the Property;

**WHEREAS**, on or about February 16, 2010, CRABTREE commenced an action against HOPE'S in Superior Court in Connecticut, entitled Robert E. Crabtree, Jr. v. Hope's Windows, Inc., Docket No.: FST-CVIO-6003789-S, asserting causes of action for products liability, breach of implied warranty, revocation of acceptance and violation of the Connecticut Unfair Trade Practices regarding the windows and doors manufactured by HOPE'S and that were being installed by BRIGHT at the Property;

**WHEREAS**, HOPE'S expressly denies any and all liability or wrongdoing with respect to the allegations set forth in the aforementioned action CRABTREE commenced against HOPE'S;

**NOW, THEREFORE,** in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt of which is hereby acknowledged, without HOPE'S or BRIGHT admitting any liability, responsibility or fault, the parties to this Agreement, their agents, successors and assigns, are desirous to settle, release and discharge any and all claims as follows:

1. Settlement

    a.    In full and final satisfaction of any and all claims that CRABTREE has or

may have against HOPE'S and BRIGHT, on or about May17, 2010, or on another mutually convenient date selected by CRABTREE and BRIGHT, BRIGHT shall perform the remaining "punch list" work, which is expected to take about one week to complete, pursuant to the notations (hand inscribed) in the "Notes" and/or "Repairs Required" sections thereon, if any, a copy of which is annexed hereto as Exhibit "A", and any additional replacement of materials or repairs that HOPE'S and CRABTREE agree may be required to be performed so that the installation of the windows and doors is deemed by HOPE and CRABTREE to be complete in all respects; both parties agree to use generally accepted industry standards to determine that the work is acceptable. Crabtree shall provide BRIGHT with full access to the Property on such date to perform such work as aforesaid.

    b.  In full and final satisfaction of any and all claims that BRIGHT has or may have against CRABTREE, BRIGHT shall waive the outstanding balance, in the approximate amount of $25,000.00, that CRABTREE, or a contractor acting on his behalf, has with BRIGHT regarding the Project.

    c.  BRIGHT's completion of the aforementioned work shall be deemed satisfactory, acceptable and complete unless Crabtree shall provide written notice to BRIGHT and HOPE'S detailing any alleged deficiencies within the five (5) day period set forth in Paragraphs 2a, b, c and 3 hereof.

### 2. General Releases

    Prior to the commencement of the work set forth in paragraph "1" above:

    a.  CRABTREE and Carolyn Crabtree, his wife, shall execute and exchange a General Release, in the form annexed hereto as Exhibit "B", in favor of HOPE'S. The original, fully executed General Release shall be held in escrow by HOPE'S counsel, Gregg P. Garneau, Esq. of Jones Garneau, LLP, 670 White Plains Road, Scarsdale, New York 10583, (914) 472-2300, until five (5) days after BRIGHT completes the aforementioned work. Thereafter, HOPE'S counsel may release from escrow the original, fully executed General Release.

    b.  CRABTREE and Carolyn Crabtree, his wife, shall execute and exchange a General Release, in the form annexed hereto as Exhibit "C", in favor of BRIGHT. The original, fully executed General Release shall be held in escrow by BRIGHT's counsel, Michael Nadler, Esq. of Uncyk, Borenkind & Nadler, LLP, 555 Fifth Avenue, 18th Floor, New York, New York 10017, (212) 575-1292 until five (5) days after BRIGHT completes the aforementioned work. Thereafter, BRIGHT's counsel may release from escrow the original, fully executed General Release.

    c.  BRIGHT and HOPE'S shall each execute and exchange a General Release, in the form annexed hereto as Exhibit "D" and "E" respectively, in favor of CRABTREE. The original, fully executed General Release shall be held in escrow by CRABTREE's counsel, Thomas B. Decea, Esq. of Danzig Fishman & Decea, One North Broadway, Suite 1202, White Plains, New York 10601, (914) 285-1400, until five (5) days after BRIGHT completes the aforementioned work. Thereafter, CRABTREE's counsel may release

from escrow the original, fully executed General Release.

### 3. Withdrawal of Action

Prior to the commencement of the work set forth in paragraph "1" above, CRABTREE's counsel shall execute and exchange with counsel for HOPE'S a Withdrawal of Action Form regarding the action the Superior Court of Connecticut entitled Robert E. Crabtree, Jr. v. Hope's Windows, Inc., Docket No.: FST-CV 10-6003789-S. The original, executed Withdrawal Form shall be held in escrow by HOPE'S counsel until five (5) days after BRIGHT completes the aforementioned work. Thereafter, HOPE'S counsel may release from escrow the Withdrawal Form and file same with the Superior Court.

### 4. Review/Understanding of Release and Agreement Terms

The signatory to this Agreement expressly understand and agree that they have carefully reviewed this Agreement, that they understand the terms of this Agreement, that they had the opportunity to obtain legal advice and that they have relied wholly on their own judgment and knowledge and have not been influenced to any extent whatsoever in making this Agreement by any representations or statements made by the other or anyone acting on behalf of the other.

### 5. Confidentiality

It is understood and agreed that except if required or compelled to do so by law, court order, or governmental agency or regulation, the parties hereto shall not disclose the existence or any terms of this Agreement and settlement to any person or entity other than their respective directors, shareholders, employees, accountants and attorneys.

### 6. Entire Agreement

All agreements and understandings by and between the Parties are embodied and expressed herein, and this Agreement states the entire agreement of the Parties hereto and supersedes all prior and contemporaneous negotiations and agreements, oral or written.

### 7. Modifications

This Agreement may be amended only by a written agreement signed by the Parties.

### 8. Miscellaneous

a.      If any provision of this Agreement is or may be held by a court or agency of competent jurisdiction to be invalid, void or unenforceable, the remaining provisions shall nevertheless survive and continue in full force and effect without being impaired or invalidated in any way.

b.      The Parties agree that this Agreement may be executed in any number of counterparts, each of which counterparts when signed by the Parties or their authorized representative shall constitute an original.  Executed agreements transmitted by e-mail PDF files shall be deemed originals.

IN WITNESS WHEREOF, the parties, intending to be legally bound, have executed this Agreement as of the date set forth below.

HOPE'S WINDOWS, INC.

By:      Randall P. Manitta
Title:   Executive Vice President
Date:    May 5, 2010

ROBERT E. CRABTREE, JR.


BRIGHT WINDOW SPECIALISTS, INC.


By:
Title:
Date:

b.    The Parties agree that this Agreement may be executed in any number of counterparts, each of which counterparts when signed by the Parties or their authorized representative shall constitute an original. Executed agreements transmitted by e-mail PDF files shall be deemed originals.

IN WITNESS WHEREOF, the parties, intending to be legally bound, have executed this Agreement as of the date set forth below.

HOPE'S WINDOWS, INC.

By: _____

Title:                                           ROBERT E. CRABTREE, JR.

Date:

BRIGHT WINDOW SPECIALISTS, INC.

By: _____

Title:

Date:

4

b.     The Parties agree that this Agreement may be executed in any number of counterparts, each of which counterparts when signed by the Parties or their authorized representative shall constitute an original.  Executed agreements transmitted by e-mail PDF files shall be deemed originals.

IN WITNESS WHEREOF, the parties, intending to be legally bound, have executed this Agreement as of the date set forth below.

HOPE'S WINDOWS, INC.

By: _____
Title:
Date:

ROBERT E. CRABTREE, JR.

BRIGHT WINDOW SPECIALISTS, INC.

By: Richard Geusyk
Title: President
Date: 5/20/10

JASON NOVATT
Notary Public, State Of New York
No. 01NO5043465
Qualified In Kings County
Commission Expires 06/19/2010

5/20/10

4

# EXHIBIT B

# General Release

**To all to whom these Presents shall come or may Concern, Know That,** ROBERT E. CRABTREE, JR. and CAROLYN CRABTREE (referred to herein collectively as "CRABTREE") on behalf of themselves and their Related Entities (as defined below) in consideration of having received, receipt of which is hereby acknowledged, on behalf of BRIGHT WINDOW SPECIALISTS, INC. ("BRIGHT") and its Related Entities, Ten Dollars ($10.00), together with other good and valuable consideration, release and forever discharge BRIGHT and its Related Entities from all actions, claims and causes of action, including, but not limited to, all claims relating to any work performed by BRIGHT at the real property known as 918 North Street, Greenwich, Connecticut, all suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law, admiralty or equity, which against BRIGHT or its Related Entities, CRABTREE or his Related Entities ever had, now have or hereafter can, shall or may, have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

For purposes of this General Release, "Related Entities" shall mean any successors, assigns, agents, employees, servants, representatives, officers, director, shareholders, predecessors, principals, parent corporations, subsidiaries, affiliates, partners, professional corporations, employers, limited liability companies or partnerships, related corporations, heirs, executors, administrators, trustee in bankruptcy and attorneys, contractors, and any other person or entity claiming by or through the signatory hereto, by whatever name such Related Entity may now be known, or may have been known, or may hereafter be known.

This RELEASE constitutes complete payment for all damages, injuries, attorney's fees, costs and expenses and is specifically intended to release BRIGHT and its Related Entities.

Whenever the text hereof requires, the use of the singular number shall include the appropriate plural number as the text in the within instrument may require.

This RELEASE may not be changed orally.

**In Witness Whereof,** the RELEASORS have hereunto set RELEASORS' hands:

_____
ROBERT E. CRABTREE, JR.

_____
CAROLYN CRABTREE

Sworn to before me this
17th day of May , 2010

_____
Notary Public

D. D. ALFANO
*NOTARY PUBLIC*
MY COMMISSION EXPIRES JULY 31, 2013

# EXHIBIT F

**Hayley Chittenden**

| | |
|---|---|
| **From:** | Hayley Chittenden |
| **Sent:** | Tuesday, January 16, 2018 6:10 PM |
| **To:** | 'Thomas B. Decea' |
| **Cc:** | Michael Wood |
| **Subject:** | RE: Activity in Case 3:17-cv-01709-VAB Crabtree v. Hope's Windows Inc et al Amended Complaint |
| **Attachments:** | Rule 11 Letter & Exhibits.pdf |

Tom:

As you know, this firm represents defendants, Bright Windows Specialists, Inc. and Richard Kusyk (collectively, the "BWS Defendants"). Plaintiff's amended complaint does not resolve or address any of the issues that were discussed in the BWS Defendants October 10, 2017 Rule 11 letter (which is attached hereto for your convenience). Also, the BWS Defendants have not received any sort of formal response from plaintiff with respect to the letter. Unless you have withdrawn this action as against the BWS Defendants by Friday, January 19, 2018, they intend to pursue sanctions under Rule 11 in the event that their motion to dismiss is granted.

Regards,

Hayley

 **Hayley A. Chittenden | Associate Attorney**
T: 914.967.2753 | F: 914.967.2754
C: 914.426.2390 | E: hayley@cw.legal
CERMELE & WOOD LLP
2 Westchester Park Drive | Suite 110
White Plains | New York | 10604
www.cw.legal

CERMELE & WOOD LLP - CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system.

**From:** CMECF@ctd.uscourts.gov [mailto:CMECF@ctd.uscourts.gov]
**Sent:** Tuesday, January 16, 2018 4:04 PM
**To:** CMECF@ctd.uscourts.gov
**Subject:** Activity in Case 3:17-cv-01709-VAB Crabtree v. Hope's Windows Inc et al Amended Complaint


**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

ROBERT E. CRABTREE, JR.,

     *Plaintiff,*

 -against-


HOPE'S WINDOWS, INC., BRIGHT WINDOW
SPECIALISTS, INC. and RICHARD KUSYK,

     *Defendants.*

Civil Case No.: 3:17-cv-01709-VAB


Date: March 15, 2018



## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Mark Cermele
**CERMELE & WOOD LLP**
Federal Bar Number: CT27336
*Attorneys for Defendants*
*Bright Window Specialists Inc.*
*and Richard Kusyk*
2 Westchester Park Drive, Suite 110
White Plains, New York 10604
Tel: (914) 967-2753
Fax: (914) 967-2754
Eml: mark@cw.legal

# TABLE OF CONTENTS

TABLE OF AUTHORITIES …………………………………………………………....ii-iii

PRELIMINARY STATEMENT ……………………………………………………….1-2

STATEMENT OF RELEVANT FACTS …………………………………………………...2

STANDARD OF REVIEW……………………………………………………….........2-3

ARGUMENT

      I.      Violation of Rule 11(b)(2)…………………………………………………3-6

            a.  Legally Frivolous……………………………………………………3-4

            b.  Time-Barred…………………………………………………………5-6

      II.     Violation of Rule 11(b)(1)…………………………………………………6-7

      III.    Violation of Rule 11(b)(3)………………………………………….......7-8

CONCLUSION ………………………………………………………………………….8

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Pages(s)**

*Alvarado-Morales v. Digital Equipment Corp.*, 843 F.2d 613, 618 (1st Cir. 1988)………............8

*Ashley v. Corona*, 1993 U.S. Dist. LEXIS 7279 * 11 (N.D. Cal. 1993)…………………………..4

*Burns Int's Security Servs. v. United Plant Guard Workers of Am., Local* 538, 989 F. Supp. 102, 107-108 (D. Conn. 1996)………………………… …………………………………....5

*Chambers v. NASCO, Inc.,* 501 U.S. 32, 45 (U.S. Supreme Ct. 1991)……………………………3

*Chemiakin v. Yefimov*, 932 F.2d 124, 126 (2d Cir. 1991)……………………………………....6

*Chien v. Skystar Bio Pharm. Co.*, 256 F.R.D. 67, 72 (D. Conn. 2009)………………………....3-6

*Fuerst v. Fuerst,* 832 F. Supp. 2d 210, 219-20 (E.D.N.Y 2011)…………………………………4

*Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009)…………………………………………7

*Johnson ex rel. United States v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 123-125 (2d Cir. 2011)…………………………………………………………………………………..6

*Kovaco v. Rockbestos-Surprenant Cable Corp.*, 2014 U.S. Dist. LEXIS 53277 *15 (D. Conn. 2014)…………………………………………………………………………………...7

*McDonough v. Harvey*, 1997 Conn. Super. LEXIS 418 *4 (Conn. Super. Ct. 1997). …………...2

*Mulero v. Snow*, 2013 Conn. Super. LEXIS 693 *4 (Conn. Super. Ct. 2013)……………..........5

*Norris v. Grosvenor Marketing, Ltd.*, 803 F.2d 1281, 1288 (2d Cir. 1986)………………………6

*Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 2d 407, 412 (S.D.N.Y. 2003)………………...7

*Sojitz Am. Capital Corp. v. Keystone Equip. Fin. Corp.*, 2013 Conn. Super. LEXIS 4376 *14 (Conn. Super. Ct. 2013)…………………………………………………………………...3

*Statewide Griev. Comm. v. Gifford*, 2002 Conn. Super. LEXIS 320 *6 (Conn. Super. Ct. 1997)…………………………………………………………………………...2

*Stone v. BBS Auto Group,* 2006 U.S. Dist. LEXIS 3442 *6 (D. Conn. 2006)…………………6-7

*Tilmon-Jones v. Boladian*, 581 Fed. Appx. 493, 499 (6th Cir. 2014)……………………………..4

*Timmons v. City of Hartford*, 283 F. Supp. 2d 712, 719 (D. Conn. 2003)………………………..5

*White v. GM Corp.*, 908 F.2d 675, 682 (10th Cir. 1990)…………………………………………4

**<u>Statutes</u>**

Federal Rules of Civil Procedure 11………………………………………………….........1-8

## PRELIMINARY STATEMENT

Defendants, Bright Window Specialists, Inc. and Richard Kusyk (together, the "BWS Defendants"), respectfully submit this memorandum of law in support of their motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil procedure against plaintiff, Robert E. Crabtree, Jr. ("Plaintiff") and his counsel, Fishman Decea & Feldman ("Decea"), for asserting frivolous claims against the BWS Defendants.

Plaintiff and Decea violated Rule 11(b)(2) by asserting claims that were the subject of a prior binding settlement agreement and general release and are clearly time-barred. On February 16, 2010, Plaintiff commenced an action in state Superior Court alleging nearly identical claims to those he now asserts. On May 5, 2010, the BWS Defendants and Plaintiff entered into a settlement agreement (the "Settlement Agreement") and Plaintiff withdrew the action. At that time, Plaintiff also signed a general release (the "Release") that released the BWS Defendants from all actions, claims and causes of action. It is well established that the filing and continued pursuit of released claims violates Rule 11 and warrants sanctions. Also, Plaintiff's claims have been time-barred for years before this case was filed. Filing claims that are time-barred is a violation of Rule 11.

Further, Plaintiff and Decea violated Rule 11(b)(1) by pursuing this action in bad faith and for plainly improper purposes. Plaintiff received valuable consideration to settle his claims in 2010 and is now attempting for a second time to recover damages on account of the same allegedly defective windows. Plaintiff and Decea have continued to pursue allegations and claims that are so lacking in merit as to mandate the conclusion that this action was filed in bad faith and for an improper purpose.

1

Lastly, Rule 11(b)(3) was violated because the factual contentions stated in Plaintiff's January 16, 2018 amended complaint (the "Amended Complaint") do not have any evidentiary support. Specifically, Plaintiff fails to present any support whatsoever to justify his allegation that all facts in the Amended Complaint occurred in 2017, and actually discloses facts that completely refute it. As the Amended Complaint makes clear, the transactions and representations upon which Plaintiff's claims are based occurred ten years ago or more.

As is more fully set forth below, the BWS Defendants motion for sanctions should be granted pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## STATEMENT OF RELEVANT FACTS

This Court and Plaintiff are respectfully referred to the declaration of Mark Cermele, dated March 15, 2018, together with all exhibits annexed thereto (the "Cermele Decl.") for a full and complete recitation of all relevant facts.

## STANDARD OF REVIEW

"Fed. R. Civ. P. 11 provides that the court may impose sanctions on a party that signs pleadings or motions that are filed for an improper purpose." *See McDonough v. Harvey*, 1997 Conn. Super. LEXIS 418 *4 (Conn. Super. Ct. 1997). "Fed. R. Civ. P. 11 authorizes sanctions against attorneys and parties who, among other things, do not comply with the requirement that the allegations and factual contentions of a claim have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." *See Statewide Griev. Comm. v. Gifford*, 2002 Conn. Super. LEXIS 320 *6 (Conn. Super. Ct. 1997). "Under Rule 11, the test is objective, and sanctions shall be imposed only when it appears that a competent attorney could not form the requisite reasonable belief as to the validity of what is asserted in the paper. With regard to factual contentions,

2

sanctions may not be imposed unless a particular allegation is utterly lacking in support." *See Sojitz Am. Capital Corp. v. Keystone Equip. Fin. Corp*., 2013 Conn. Super. LEXIS 4376 *14 (Conn. Super. Ct. 2013). The Court also has the inherent authority to impose sanctions when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 45 (U.S. Supreme Ct. 1991).

## ARGUMENT

## POINT I

## VIOLATION OF RULE 11(b)(2)

Plaintiff and Decea violated Rule 11(b)(2) by continuing to assert numerous claims that are legally frivolous and patently time-barred.

### A.  Legally Frivolous

In order for a claim to violate Fed. R. Civ. P. 11(b)(2), "a pleading must be or border on the frivolous." *See Chien v. Skystar Bio Pharm. Co*., 256 F.R.D. 67, 72 (D. Conn. 2009). Plaintiff's claims are frivolous because he previously entered into a binding settlement agreement and general release in favor of the BWS Defendants. (*See* Cermele Decl. Ex. C. and D.)

On February 16, 2010, Plaintiff commenced an action in state Superior Court alleging nearly identical claims to those he now asserts – the supply and installation of defective windows at the property located at 918 North Street, Greenwich, Connecticut. (*See* Cermele Decl. Ex. B.) On May 5, 2010, the BWS Defendants and Plaintiff entered into the Settlement Agreement and Plaintiff withdrew the action. The Settlement Agreement expressly releases and discharges all claims Plaintiff has or may have against the BWS Defendants, "in full and final satisfaction of any and all claims that [Plaintiff] has or may have against [the BWS Defendants]." (*See* Cermele

Decl. Ex. C.) The Plaintiff also signed a general release (the "Release") that released the BWS Defendants from:

> "all actions, claims and causes of action, including but not limited to, all claims relating to any work performed by [the BWS Defendants] at the real property known as 918 North Street, Greenwich, Connecticut…which against [the BWS Defendants] [Plaintiff] ever had, now have or hereafter can, shall or may, have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this release."

(*See* Cermele Decl. Ex. D.)

Further, Decea, who represents Plaintiff in this action, also represented Plaintiff in the prior state court action and the settlement thereof.

It is well established that the filing and continued pursuit of released claims violates Rule 11 and warrants sanctions. *See White v. GM Corp.*, 908 F.2d 675, 682 (10th Cir. 1990)(affirming decision to award sanctions for filing claims covered by a release); *Tilmon-Jones v. Boladian*, 581 Fed. Appx. 493, 499 (6th Cir. 2014)(upholding Rule 11 violation where filing of suit "was particularly egregious in light of the clarity of the release contained in the prior settlement agreement between the parties"); *Fuerst v. Fuerst,* 832 F. Supp. 2d 210, 219-20 (E.D.N.Y 2011)(failing to withdraw complaint after signing release of claims is a violation of Rule 11); *Ashley v. Corona*, 1993 U.S. Dist. LEXIS 7279 * 11 (N.D. Cal. 1993)("This court finds that in light of that unambiguous release, the filing of this suit constitutes a patently and offensively frivolous, legally unreasonable act in violation of Rule 11.")

Accordingly, this action is frivolous and in violation of Rule 11 because Plaintiff is pursing claims that were previously settled and released.

**B. Time-Barred**

Plaintiff and Decea violated Rule 11(b)(2) by asserting claims that are facially and indisputably time-barred. Plaintiff's claims have been time-barred for years before this case was filed.

Plaintiff's first (violation of C.G.S.A. Title 42a), second (breach of contract), and fourth (revocation of acceptance) causes of action are time-barred. Under Conn. Gen. Stat. § 52-576(a), an action based on a written contract must be brought within six years after the right of action accrues. *See Mulero v. Snow*, 2013 Conn. Super. LEXIS 693 *4 (Conn. Super. Ct. 2013). Plaintiff's first, second, and fourth causes of action all sound in contract because they arise from the written contract between the BWS Defendants and Plaintiff. (*See* Cermele Decl. Ex. A.) The statute of limitations began to run when the injury was allegedly inflicted – when the BWS Defendants completed their work on the Property in or around 2007 – over ten years ago. *See Mulero*, 2013 Conn. Super. LEXIS 693 at 4; Cermele Decl. Ex. A.

Plaintiff's CUPTA claim is also time-barred. The statute of limitations for a claim brought under CUTPA is three years. *See* Conn. Gen. Stat. § 42-110g(f). "A CUTPA violation occurs when the misrepresentation is made and the statute of limitations commences running the moment the act or omission complained of occurs." *See Timmons v. City of Hartford,* 283 F. Supp. 2d 712, 719 (D. Conn. 2003). Plaintiff alleges that the misrepresentations made by the BWS Defendants were made before he entered into a contract with them on December 2, 2005. (*See* Cermele Decl. Ex. A.) Thus, the statute of limitations commenced in or around 2005, thirteen years ago, which far exceeds the statute of limitations of three years.

Plaintiff and Decea knowingly filed suit on undisputedly time-barred claims, and thus Rule 11 sanctions are warranted. *See Burns Int's Security Servs. v. United Plant Guard Workers*

*of Am., Local* 538, 989 F. Supp. 102, 107-108 (D. Conn. 1996)(granting sanctions under Rule 11 for filing a complaint that was untimely); *Norris v. Grosvenor Marketing, Ltd*., 803 F.2d 1281, 1288 (2d Cir. 1986)(finding Rule 11 violation where claims were time-barred); *Chemiakin v. Yefimov*, 932 F.2d 124, 126 (2d Cir. 1991)(imposition of sanctions under Rule 11 for filing frivolous claim in part because the claim was time-barred).

The standard for triggering the award of fees under Rule 11(b)(2) is objective unreasonableness. *See Chien,* 256 F.R.D. at 72. Under the circumstances presented, and in light of the above record, an objectively reasonable attorney would not pursue an action for claims that were previously settled, released and time-barred. "There is no empty head pure-heart justification for patently frivolous arguments under Rule 11. The subjective intent of the filer is irrelevant." *Id*. "An attorney's subjective good faith will not suffice to protect a meritless or frivolous claim from Rule 11 censure." *Stone v. BBS Auto Group,* 2006 U.S. Dist. LEXIS 3442 *6 (D. Conn. 2006).

<u>**POINT II**</u>

<u>**VIOLATION OF RULE 11(b)(1)**</u>

This action was pursued in bad faith and for plainly improper purposes and thus sanctions under Rule 11(b)(1) are warranted.

Plaintiff's claims are without basis in law or in fact because they are legally frivolous and time-barred. Plaintiff settled his claims in 2010 and is now attempting a second time to recover damages for the same allegedly defective windows. Plaintiff and Decea have continued to pursue allegations and claims that are so lacking in merit as to mandate the conclusion that this action was filed in bad faith and for an improper purpose. *See Johnson ex rel. United States v. Univ. of Rochester Med. Ctr*., 642 F.3d 121, 123-125 (2d Cir. 2011)(affirming sanctions where counsel

"relentlessly pursued claims without basis in law or in fact"); *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009)("when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose.") Sanctions are warranted "when a plaintiff persists with a claim after it has become patently clear it has no basis in fact of law." *Stone,* 2006 U.S. Dist. LEXIS 3442 at 6.

## POINT III

## VIOLATION OF RULE 11(b)(3)

In order for the Amended Complaint to violate Rule 11(b)(3), its factual contentions must lack evidentiary support. *See Kovaco v. Rockbestos-Surprenant Cable Corp*., 2014 U.S. Dist. LEXIS 53277 *15 (D. Conn. 2014) citing *Safe-Strap Co., Inc. v. Koala Corp*., 270 F. Supp. 2d 407, 412 (S.D.N.Y. 2003).

Plaintiff's Amended Complaint lacks evidentiary support. In the Amended Complaint, Plaintiff alleges that "all of the facts upon which this action is based occurred in 2017." (*See* Cermele Decl. Ex. A.) However, Plaintiff fails to present any support whatsoever to justify this allegation and actually discloses facts that completely refute it. Specifically, Plaintiff states that "on or about December 2, 2005, Plaintiff, by and through his general contractor, entered into a contract with Bright to purchase windows and doors from Hope's for installation at his home" and that "by 2007, ninety-five percent of the windows and doors had been installed." *Id*. Plaintiff's causes of action arise out of the 2005 contract with the BWS Defendants and their work on the windows on or around 2007. A plain reading of the Amended Complaint makes clear that Plaintiff's conclusory statement made in an attempt to avoid the patent untimeliness of his claims are unsupportive. Accordingly, the Amended Complaint lacks evidentiary support and violates Rule 11(b)(3).

Lastly, on October 10, 2017, the BWS Defendants sent Plaintiff a Rule 11 letter affording Plaintiff a chance to withdraw his action. (*See* Cermele Decl. Ex. E.) This demand was reiterated on January 16, 2018 following the filing of the Amended Complaint. (*See* Cermele Aff. Ex. F.) Plaintiff failed to withdraw the action. In *Alvarado-Morales v. Digital Equipment Corp.*, the attorney failed to withdraw the complaint when the facts were revealed to him by defendants' attorney. The court held that "sanctions are mandatory when an attorney fails to make reasonable efforts to ensure that the pleading he signs is grounded in fact." 843 F.2d 613, 618 (1st Cir. 1988). The same analysis should be applied here.

## CONCLUSION

For the reasons set forth above, the BWS Defendants motion for sanctions should be granted.

Dated: White Plains, New York
March 15, 2018

Respectfully Submitted,

**CERMELE & WOOD LLP**

By: _____
Mark Cermele
Federal Bar Number: CT27336
*Attorneys for Defendants*
*Bright Window Specialists Inc.*
*and Richard Kusyk*
2 Westchester Park Drive, Suite 110
White Plains, New York 10604
Tel: (914) 967-2753
Fax: (914) 967-2754
mark@cw.legal

Thomas B. Decea, Esq.
Fishman Decea & Feldman
*Attorneys for Plaintiff*
84 Business Park Drive, Suite 200
Armonk, New York 10504
tdecea@dfdlawfirm.com


Christopher J. Molyneaux, Esq.
*Attorneys for Defendant Hope's Windows, Inc.*
60 White Plains Road
Scarsdale, New York 10583
cmolyneaux@joneslawllp.com

# CERTIFICATE OF SERVICE

I, Mark Cermele, hereby certify that on March 15, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system. Plaintiff was served with the foregoing on February 8, 2018.

Dated: White Plains, New York
　　　 March 15, 2018

**CERMELE & WOOD LLP**

By: _____
Mark Cermele
Federal Bar Number: CT27336
*Attorneys for Defendants*
*Bright Window Specialist Inc.*
*and Richard Kusyk*
2 Westchester Park Drive, Suite 110
White Plains, New York 10604
Tel: (914) 967-2753
Fax: (914) 967-2754
mark@cw.legal

Thomas B. Decea, Esq.
Fishman Decea & Feldman
*Attorneys for Plaintiff*
84 Business Park Drive, Suite 200
Armonk, New York 10504
tdecea@dfdlawfirm.com

Christopher John Molyneaux, Esq.
*Attorneys for Defendant Hope's Windows, Inc.*
60 White Plains Road
Scarsdale, New York 10583
cmolyneaux@joneslawllp.com