**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF CONNECTICUT**

ROBERT E. CRABTREE, JR.,

                                     Civil Case

No.:3:17-cv-01709-VAB

               *Plaintiff,*

                                  Date: April 6, 2018

        -against-

HOPE'S WINDOWS, INC.,

               *Defendant.*

## HOPE'S WINDOWS, INC.
## <u>MOTION TO DISMISS</u>

Pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, the defendant,

Hope's Windows, hereby moves for an Order dismissing the January 16, 2018 amended

complaint of Plaintiff, Robert E. Crabtree, Jr. for failure to state a claim upon which relief

can be granted.

The Amended Complaint should be dismissed because 1. Plaintiff released and

forever discharged the Defendant Hope's Windows from all actions, claims and causes

of actions and 2. Plaintiff claims are time-barred pursuant to Connecticut Statute section

52-576 and 42-110g(f).

1.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES...............................................................3

REPLY DECLARATION OF CHRISTOPHER J. MOLYNEAUX..........4

PRELIMINARY STATEMENT........................................................8

ARGUMENT

   I.    Plaintiff's Claims Have Been Released...............................8-9

   II.   Plaintiff's Claims Are Time-Barred.....................................9-10

CONCLUSION.........................................................................10

## **TABLE OF AUTHORITIES**

Oronoque Village Condo Association v. Bargas, 2013 Conn. Super.

Poligas v. Nationwide Mutual Ins. Co. 225 Conn 601, 609, 767 A.2d 1202 (2001).

Talbert v. Connecticut General Life Ins. Co., 257 Conn. 118, 124-25, 778 A. 2d 1 (2001).

Tallmadge Bros., Inc., v Iroquios Transmission System, L.P., 252 Conn. 479, 495, 746 A.2d1277 (2000).

## **STATUTE**

Federal Rules Of Civil Procedure 12(b)(6)

Connecticut General Statute Section 52-576

Connecticut General Statute Section 42-110g(f)

## **EXHIBIT**

Crabtree To Hope's Windows

## <u>REPLY DECLARATION OF CHRISTOPHER J. MOLYNEAUX</u>

CHRISTOPHER J. MOLYNEAUX, an attorney duly admitted to practice law in the State of Connecticut, declares the following to be true under penalties of perjury:

1. I am an attorney for defendant, Hope's Windows, Inc, and as such I am fully familiar with the facts and circumstances set forth herein.

2. I submit this reply declaration in further support of Hope's Windows, Inc. Motion to Dismiss the January 16, 2018 amended complaint (the "<u>Amended Complaint</u>") of plaintiff Robert E. Crabtree, Jr. ("<u>Plaintiff</u>").

3. Pursuant to the Court's October 10, 2017 Order, amended pleadings were due by December 9, 2017.

4. At Plaintiff's request, this deadline was extended to January 19, 2018.

5. Without notice, leave or any authority to do so, on January 26, 2018 Plaintiff filed a second amended complaint (the "<u>Second Amended Complaint</u>").

6. Thereafter, on March 1, 2018 and in accordance with the Court's instructions, Plaintiff submitted an affidavit in support of his motion to further amend the complaint. Plaintiff has enclosed yet another proposed second amended complaint. This proposed complaint is different from the Second Amended Complaint that Plaintiff previously filed with the Court on January 26, 2018.

7. In any event, for the reasons set forth in the accompanying memorandum of law, each of Plaintiff's proposed amended pleadings fail as a matter of law, and this action should be dismissed in its entirety.

4.

**WHEREFORE**, For the reasons set forth above, each of Plaintiff's amended pleadings fails as a matter of law and this action should be dismissed in its entirety, and Plaintiff's motion to further amend his complaint should be denied.

Dated: Ridgefield, Connecticut
April 4, 2018

Christopher J. Molyneaux

5.

## CERTIFICATE OF SERVICE

I, Christopher J. Molyneaux, hereby certify that on April 4, 2018, a copy of the

foregoing was filed electronically.  Notice of this filing will be sent via e-mail to all parties

by operation of the Court's electronic filing system.

Dated: Ridgefield, Connecticut
      April 4, 2018

Christopher J. Molyneaux

By: _____
Christopher J. Molyneaux
Federal Bar Number:
100B Danbury Road, Suite 105F
Ridgefield, Connecticut  06877
Tel: (203) 456-2667
Fax: (203) 456-2596
cjmolyneaux@comcast.net

Thomas B. Decea, Esq.
Fishman Decea & Feldman
*Attorneys for Plaintiff*
84 Business Park Drive, Suite 200
Armonk, New York 10504
tdecea@dfdlawfirm.com

Mark Cermele, Esq.
*Attorneys for Defendants*
*Bright Window Specialists Inc.*
*and Richard Kusyk*
2 Westchester Park Drive, Suite 110
mark@cw.legal

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF CONNECTICUT

ROBERT E. CRABTREE, JR.,

Civil Case

No.:3:17-cv-01709-VAB

Plaintiff,

Date: April 6, 2018

-against-

HOPE'S WINDOWS, INC.,

Defendant.

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS AND IN OPPOSITION TO FURTHER AMENDMENT OF THE COMPLAINT

Christopher J. Molyneaux
Federal Bar Number:
100B Danbury Road, Suite 105F
Ridgefield, Connecticut 06877
Tel: (203) 456-2667
Fax: (203) 456-2596
cjmolyneaux@comcast.net

7.

## PRELIMINARY STATEMENT OF THE ISSUES

The defendant, Hope's Windows, Inc., respectfully submits this reply memorandum of law in further support of their Motion to Dismiss the January 16, 2018 amended complaint (the "Amended Complaint") of plaintiff Robert E. Crabtree, Jr. ("Plaintiff"), and in opposition to Plaintiff's request to further amend his pleading.

First, the language of the May 17, 2010 general release (the "Release") makes it clear that it was intended to cover all claims between the Plaintiff and Hope's Windows, Inc. that then existed, including claims that may have been unforeseen. Plaintiff's claims clearly existed at the time of the execution of the Release because the facts underlying the claims did.

Second, Plaintiff's proposed second amended complaint (the "Proposed Second Amended Complaint") fails to provide a basis to avoid dismissal. Based on the Release and the lapsing of all applicable statutes of limitations on Plaintiff's claims - any amendment would be futile. Further, the Proposed Second Amended Complaint does not add anything that would change the outcome of Plaintiff's causes of action being released and or time-barred because it is based upon the same operative facts as the Amended Complaint.

## ARGUMENT

### PLAINTIFF'S CLAIMS HAVE BEEN RELEASED AND ARE TIME-BARRED

**A.     The Release is a Bar to the Claims in This Action**

The Plaintiff released all claims against Hope's Windows, Inc.  A contract must

be construed to effectuate the intent of the parties, which is determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. The intent of the parties is to be ascertained by a fair and reasonable construction of the written words and...the language used must be accorded its common, natural and ordinary meaning and usage where it can sensibly apply to the subject matter of the contract... Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. A court will not torture words to import ambiguity when the ordinary meaning leaves no room for ambiguity." Tallmadge Bros., Inc., v Iroquios Transmission System, L.P., 252 Conn. 479, 495, 746 A.2d1277 (2000).

The release between Plaintiff and Defendant is clear and unambiguous. The Release was intended to cover all claims between the Plaintiff and Defendant, including claims that may have been unforeseen. Hopes Windows are absolved of liability from any causes of action which was in existence at the time of execution; whether or not Plaintiff knew of such claims.

In addition, since the Plaintiff claims Hopes Windows did not manufacture the windows properly in 2007, the Release is covered by the claims made by the Plaintiff. See Oronoque Village Condo Association v. Bargas, 2013 Conn. Super.

**B.    Breach of Warranty Claim**

Plaintiff's claim for Breach of Warranty is time-barred "the law concerning when a breach of contract action occurs is well settled. This court has stated that in an action

9.

for breach of contract...the cause of action is complete at the time breach of contract occurs, that is when the injury has been inflicted... Although the application of this rule may result in occasional hardship, it is well established that ignorance of the fact that damage has been done does not prevent the running of the statute except where this is something tantamount to a fraudulent concealment of a cause of action." Talbert v. Connecticut General Life Ins. Co., 257 Conn. 118, 124-25, 778 A. 2d 1 (2001). "While the statute of limitations normally begins to run immediately upon the accrual of the cause of action, some difficulty may arise in determining when the cause or right of action is considered as having accrued. The true test is to establish the time when the Plaintiff first could have successfully maintained an action." Poligas v. Nationwide Mutual Ins. Co. 225 Conn 601, 609, 767 A.2d 1202 (2001).

The Plaintiff alleges that "the windows and doors purchased from Hope's was installed and completed by 2008." However, Plaintiff's breach of warranty claim is time-banned as the purchase and installation was done more than six (6) years ago. Under Conn. Gen. Stat. section 52-576, an action based on a written contract must be brought within six years after the right accrues.

## CONCLUSION

For the reasons set forth above, each of Plaintiff's amended pleadings fails as a matter of law and this action should be dismissed in its entirety, and Plaintiff's motion to further amend his complaint should be denied.

10.

Dated:      Ridgefield, Connecticut
            April 6, 2018


                                    Respectfully Submitted,

                                    By: _____
                                    Christopher J. Molyneaux
                                    Federal Bar Number:
                                    100B Danbury Road, Suite 105F
                                    Ridgefield, Connecticut  06877
                                    Tel: (203) 456-2667
                                    Fax: (203) 456-2596
                                    cjmolyneaux@comcast.net



Thomas B. Decea, Esq.
Fishman Decea & Feldman
*Attorneys for Plaintiff*
84 Business Park Drive, Suite 200
Armonk, New York 10504
tdecea@dfdlawfirm.com

Mark Cermele, Esq.
*Attorneys for Defendants*
*Bright Window Specialists Inc.*
*and Richard Kusyk*
2 Westchester Park Drive, Suite 110
mark@cw.legal

                        11.

## CERTIFICATION OF SERVICE

I, Christopher J. Molyneaux, hereby certify that on April 6, 2018, a copy of the foregoing was filed electronically.  Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system.

Dated:     Ridgefield, Connecticut
          April 6, 2018

Respectfully Submitted,

By: _____
Christopher J. Molyneaux
Federal Bar Number:
100B Danbury Road, Suite 105F
Ridgefield, Connecticut  06877
Tel: (203) 456-2667
Fax: (203) 456-2596
cjmolyneaux@comcast.net

Thomas B. Decea, Esq.
Fishman Decea & Feldman
*Attorneys for Plaintiff*
84 Business Park Drive, Suite 200
Armonk, New York 10504
tdecea@dfdlawfirm.com

Mark Cermele, Esq.
*Attorneys for Defendants*
*Bright Window Specialists Inc.*
*and Richard Kusyk*
2 Westchester Park Drive, Suite 110
mark@cw.legal

12.

# EXHIBIT A

# General Release

**To all to whom these Presents shall come or may Concern, Know That,** ROBERT E. CRABTREE, JR. and CAROLYN CRABTREE (referred to herein collectively as "CRABTREE") on behalf of themselves and their Related Entities (as defined below) in consideration of having received, receipt of which is hereby acknowledged, on behalf of HOPE'S WINDOWS, INC. ("HOPE'S") and its Related Entities, Ten Dollars ($10.00), together with other good and valuable consideration, release and forever discharge HOPE'S and its Related Entities from all actions, claims and causes of action, including, but not limited to, all claims relating to the action in Superior Court of the State of Connecticut entitled <u>Robert E. Crabtree, Jr. v. Hope's Windows, Inc., Docket No.: FST-CV10-6003789-S</u>, all suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law, admiralty or equity, which against HOPE'S or its Related Entities, CRABTREE or his Related Entities ever had, now have or hereafter can, shall or may, have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

For purposes of this General Release, "Related Entities" shall mean any successors, assigns, agents, employees, servants, representatives, officers, director, shareholders, predecessors, principals, parent corporations, subsidiaries, affiliates, partners, professional corporations, employers, limited liability companies or partnerships, related corporations, heirs, executors, administrators, trustee in bankruptcy and attorneys, contractors, and any other person or entity claiming by or through the signatory hereto, by whatever name such Related Entity may now be known, or may have been known, or may hereafter be known.

This RELEASE constitutes complete payment for all damages, injuries, attorney's fees, costs and expenses and is specifically intended to release HOPE'S and its Related Entities.

Whenever the text hereof requires, the use of the singular number shall include the appropriate plural number as the text in the within instrument may require.

This RELEASE may not be changed orally.

**In Witness Whereof,** the RELEASORS have hereunto set RELEASORS' hands:

_____
ROBERT E. CRABTREE, JR.

_____
CAROLYN CRABTREE

Sworn to before me this
17th day of May , 2010

_____
Notary Public

**D. D. ALFANO**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES JULY 31, 2013